The State of Iowa v. Carney and others.

2. EXECU-
TION: on
justice's
judgment:
statute con-
strued.

THE STATE OF IOWA v. CARNEY: THE SAME v. STUTZ: THE SAME v. WADE: THE SAME v. HUNT.

1. **Grand jury:** LIST OF NAMES: RETURN. The list of grand jurors should be returned to the board of supervisors and not to the county judge.

2. —— RECORD. The law does not require a record to be made of the selection by the board of supervisors of lists of grand jurors for townships for which no lists have been returned by the judges of election, as required by law.

3. —— STATUTE DIRECTORY: SUBSTANTIAL COMPLIANCE. The statute in relation to the mode of obtaining jurors (ch. 115, Rev., 1860) is directory; and a substantial compliance with its provisions is sufficient. The Supreme Court will not reverse a ruling of the District Court overruling a motion to quash an indictment upon objections to the manner in which the grand jury was selected, when such objections are purely technical, and do not affect the substantial rights of the parties. Rev., 1860, § 4925.

4. **Intoxicating liquors:** REVENUE LICENSE. A license granted for the sale of intoxicating liquors under the Revenue Act of Congress, of July 1st,

1862, does not authorize a violation of the laws of a State; 'and is no justification for a sale of intoxicating liquors in violation of such law.

*Appeals from Polk and Wapello District Courts.*

THURSDAY, FEBRUARY 1, 1866.

FOR facts, see opinion.

*J. M. Ellwood* and *Finch, Clark & Rice* for Carney and Stutz.

*A. W. Gaston* for Wade and Hunt.

*F. E. Bissell*, Attorney-General, for the State.

DILLON, J. — I. These cases involve similar questions. The defendants were severally indicted for different offenses.

Section 4691 of the Revision provides, *inter alia*, that a motion to set aside the indictment may be made by the defendant, and "must be sustained when the grand jury were not *selected*, drawn, summoned, impanneled or sworn as prescribed by law." Under this section, the defendants, Carney and Stutz, moved to set aside the indictment against them on the following grounds :

1. Because, under § 2725, the jurors were not apportioned *on or before* the first Monday of September. (This objection is not sustained in point of fact.)

2. Because the *clerk*, instead of the sheriff, served the apportionment upon the judges of election. (This objection was sustained by the evidence.)

3. Because the judges of election did not return proper lists of the names of the grand jurors to the *county judge*, as required by § 2727. (This section is altered, and the returns must be made to the supervisors instead of the county judge. Revision, §§ 330, 333.)

I. GRAND
JURY: list
of names:
return.

4. Because the county canvassers did not make lists for delinquent townships. (The records of the board of canvassers do not show that such selection was made, but it is not required by law that there should be a record of this kind made and preserved.)

*2. —— record.*

5. Because lists of jurors, in the poll books returned by the township trustees, are not certified to by the judges of election.

It may be admitted that this objection is true, in point of fact. In the case of *State* v. *Hunt*, and the *State* v. *Wade*, the grand jury that found the indictments were selected from a list of seventy-three, instead of seventy-five names.

In all of these cases we find, on examination, a *substantial* compliance with the requirements of the law. The provisions of ch. 115, in relation to the mode of obtaining jurors, are directory.

*3. —— statute directory: substantial compliance.*

But it is argued by the defendant that under section 4691, above quoted, the indictment *must* be set aside unless each and every successive step pointed out in that chapter has been exactly and precisely complied with.

We can scarcely believe that such was the intention of the legislature. Deviations of a slight and unimportant nature, such as those complained of by the appellants, almost always occur, and they always will. But we may concede, for the purpose of these appeals, that the District Court should have sustained each of the motions; and yet, under section 4925 of the Revision, which prescribes our duty, the judgment must be affirmed. This section provides that "the Supreme Court must examine the record, and, without regard to technical errors or defects, which do not affect the *substantial rights* of the parties, render such judgment as the law demands."

The alleged error of the District Court in overruling the motions to set aside the indictment, did not affect the "substantial rights" of appellants, for the reason that there was

no substantial departure from the statutory mode, in the selection of the grand jury.

If Stutz had been allowed to withdraw his plea of not guilty, and had filed his motion to set aside the indictment on the above grounds, the motion ought not to have been granted.

We perceive no error to his prejudice in the ruling of the court.

II. Carney and Stutz were indicted under the State law for the "suppression of intemperance." They asked certain instructions, which were refused, based upon the proposition that this law was in conflict with the Constitution of the United States (art. 4, § 2; art. 6; art. 1, § 10, relating to the inviolability of contracts), and the Internal Revenue Act of Congress of July 1, 1862, under which the defendants had licenses. These licenses do not authorize the holders thereof to violate the laws of the State. Act of July 1, 1862, § 67.

*4. INTOXICATING LIQUORS: revenue license.*

This is plain upon the act itself, and it is not necessary to enter upon an extended discussion of the subject.

The judgments will each stand

Affirmed.