## THE STATE v. SWEARENGEN.

1. **Criminal Law**: APPEAL FROM FINAL JUDGMENT: PRACTICE. In a criminal case an appeal does not lie from an intermediate order or decision, and can only be taken from a final judgment. Overruling *The State v. Brandt*, 41 Iowa, 593.

*Appeal from Montgomery District Court.*

FRIDAY, JUNE 9.

INDICTMENT for larceny. A demurrer thereto was filed by the defendant which, coming on to be heard, was overruled, to which ruling he excepted and appeals. A motion is made in this court to dismiss the appeal for the reason that it does not lie from such decision or judgment.

*M. E. Cutts, Attorney General*, for the State.

*Z. T. Fisher*, for appellant.

SEEVERS, CH. J.—The The Code provides, section 4520, that the mode of reviewing in the Supreme Court any judgment, action or decision of the District Court in a criminal case is by appeal.

" Sec. 4522. No appeal can be taken until after judgment, and then only within one year thereafter."

The question is whether the word judgment in the last section means final judgment, or any intermediate decision or judgment.

The sections above quoted have been in force since 1860, and it is somewhat remarkable if the word judgment, as used in section 4522, does not mean final judgment, that no appeal has been taken during the above period in a criminal action, from any judgment or decision except the final judgment until the *Brandt* case, some two years or less since, and even that case seems to have been heard in this court in the first instance, in pursuance of some agreement between counsel for the State and defendant. If any case of like character to the Brandt case preceded it, there is no reference thereto in the reports,

and it must have been decided on motion and no opinion written.

The fact that there is no record of any such appeal is conclusive that none such was taken, and thereby the construction given the statute by the entire bar of the State pretty conclusively appears. Especially is this true, when this appeal and others now pending in this court have so promptly followed that decision. Is it probable, or even possible, no occasion occurred for such an appeal during the period of fourteen years, while it has occurred more than once during the brief period which has elapsed since that decision?

The fact that such construction has been given the statute by the bar does not bind us, nor is it by any means conclusive, and yet we regard it as a strong indication that the construction placed on the statute in the Brandt case, by a majority of the court, is erroneous. Concurring in this view we proceed briefly to state the reasons therefor.

The right of appeal is given by section 4520 from any judgment or decision, and section 4522 limits that right to one year after judgment. As it is entirely clear no appeal can be taken until *the* judgment or decision is made, why or for what purpose is the word judgment put in Sec. 4522 unless it means final judgment; and why are the words " action " or " decision " omitted from that section? Can it be said there is a limit as to the time when an appeal must be taken from the judgment, but no such limit as to a decision not final in its character? We conclude, therefore, that no appeal can be taken in a criminal action until final judgment has been rendered. The only reason given in the Brandt case for a different construction is the change made in the statute at the time the Revision was enacted. The word " final " precedes judgment in Sec. 3090 of the Code of 1851, and it is omitted in the corresponding section in the Revision, and also, as we have seen, in Sec. 4522 of the Code, but this possesses no significance, because: 1. In the Code of 1851 the word judgment in every instance, as applied to criminal actions, clearly and without doubt means final judgment. 2. That the Code, in Sec. 1814, provides that all final adjudications in *civil* actions

are judgments, but no such express provision is made as to criminal actions. 3. Sec. 3088 of that Code provides that a "judgment or order" in a criminal action may be reviewed in the Supreme Court. It became necessary, therefore, to provide that any such judgment or order could only be reviewed after final judgment, if it was the intention of the legislature no judgment or order should be reviewed until final judgment was pronounced. 4. Revision, Sec. 3121, Code, 2849, defines a "judgment" to be a final adjudication in "an action." omitting the word "civil" contained in the Code of 1851. 5. Then follows Rev., Sec. 4906, Code, 4522, in relation to appeals in criminal cases providing that no appeal can be taken until after "judgment." It will be seen that the omission of the word "final" from the sections last referred to logically follows the other changes made; if every final adjudication is a judgment, then there can be no appeal in a criminal action until after final judgment, unless some provision is made to the contrary, and the same would be the rule as to civil actions. Hence, it is expressly provided an appeal may be taken from an intermediate order or decision in a civil action, but there being no such provision as to a criminal action, an appeal therein can only be taken from the judgment which is a final adjudication. Without further enlarging upon this question, we conclude the appeal must be,

DISMISSED.

DAY, J.—Although I expressed no individual opinion in *State v. Brandt*, yet my conclusion that the appeal could be entertained in that case was grounded almost wholly upon the fact that both parties requested a speedy determination of the questions presented, and no suggestion was made that the appeal would not lie, until the petition for re-hearing was filed. I have no doubt that, upon this ground, the appeal was properly entertained in that case. The present case differs, in my judgment, in a most material and vital respect. Here a motion to dismiss the appeal was made *in limine*.

I now concur with my brothers in holding that, where such motion is timely interposed, an appeal in a criminal case from a ruling upon a demurrer ought not to be entertained.