## THE STATE v. BOWMAN.

1. **Grand Jury**: CALLING TALESMEN: WHEN NOT LAWFUL. After the judge has informed the grand jurors that they need not appear at the next term unless again summoned, he is not authorized, on the third day of the next term, without any summons or other notice to the jurors to appear, to impanel a grand jury, by calling talesmen to take the place of such of the regular panel as are absent, and *held* that an indictment found by such grand jury should be quashed.

*Appeal from Marshall District Court.*

MONDAY, OCTOBER 24.

DEFENDANT was indicted and convicted of the crime of committing a nuisance in keeping a saloon for the unlawful sale of intoxicating liquors. He now appeals to this court.

*J. M. Parker*, for appellant.

*A. J. Baker, Attorney-general*, for the State.

BECK, J.—I. The defendant moved to quash the indictment for the reason that the grand jury were not drawn, summoned and impaneled in the manner required by law. This objection is based upon the alleged fact that a grand jury lawfully summoned was unlawfully discharged, and the grand jury finding the indictment was unlawfully summoned and impaneled in their place on the third day of the term. The motion, in our opinion, ought to have been sustained.

The facts which support the allegations of the motion are shown by affidavits of jurors and others. These affidavits

show that, at a preceding term, the judge of the court advised the grand jurors that they need not attend the following term unless again summoned, and that on the first day of the term at which the indictment was found he informed one or two grand jurors that they would not be wanted. No summons was issued to the jurors to appear at the term, or any day thereof, and no notice to that effect was given to them in any other way. The jury was impaneled on the third day of the term. It is not shown how many of the regular panel were present, or how many were put upon the jury. It appears that some two, at least, were absent on account of the direction of the judge for them not to appear as above stated. The jury should not have been impaneled when jurors were absent by direction of the judge, until they had been notified and failed to appear. The law does not authorize the judge to control, in this way, the impaneling of the jury, and exclude persons therefrom chosen in the manner prescribed by law. We think the grand jury finding the indictment was illegally impaneled, and the motion to quash the indictment should have been sustained. Other questions in the case need not be considered.          REVERSED.