THE STATE OF IOWA, Appellee, v. THOMAS DE BORD, Appellant.

| 88 | 103 |
| 90 | 572 |

**Grand Jury**: MODE OF DRAWING: IRREGULARITY: EFFECT. The provision of section 240 of the Code, requiring the names on the ballots prepared by the county auditor, from the lists of grand jurors returned by the judges of election, to be compared with said lists by the clerk and sheriff before the drawing of grand jurors commences, is directory only, and the comparison of the names drawn, by the auditor and sheriff, with the lists as the ballots are taken from the box. is not such an irregularity as will affect the validity of the acts of the jury thus selected.

*Appeal from Union District Court.*—HON. H. M. TOWNER, Judge.

MONDAY, MAY 15, 1893.

THE defendant was indicted, tried and convicted of the crime of nuisance, and, his motion for a new trial being overruled, judgment was entered against him, from which he appeals.—*Affirmed.*

*R. H. Hanna*, for appellant.

*John Y. Stone*, Attorney General, and *P. C. Winter*, County Attorney, for the State.

GIVEN, J.—The defendant moved to set aside the indictment "for the reason that the grand jury presenting or returning said indictment against the defendant, Thomas De Bord, were not selected, drawn, summoned and sworn as prescribed by law." A number of particulars are specified wherein it is claimed the grand

jury was not selected as required by law. The only irregularity urged by argument is that the clerk and sheriff did not compare the ballots written out by the auditor with the lists returned by the judges of election, as required by section 240 of the Code. Said section is as follows: "At least twenty days previous to the first day of any term at which a jury is to be selected, the auditor, or his deputy, must write out the names on the lists aforesaid, which have not been previously drawn as jurors during the year, on separate ballots; and the clerk of the district court, or his deputy, and sheriff, or his deputy, having compared said ballots with the list, and corrected the same, if necessary, shall place the ballots in a box provided for that purpose."

The clerk was the only witness examined as to the manner in which the grand jury was selected. His statements are somewhat confused and conflicting, and indicate a want of clearness of recollection. His statements, however, warrant the conclusion that the selection was made as follows: That the ballots written out by the auditor were placed in a box; that the sheriff would draw a name from the box, and the sheriff or auditor would state from what township the person drawn was, and if one had already been drawn from that township the ballot was laid aside. When not laid aside, the name was written by the auditor in the jury book, and by the clerk in the venire. The clerk states that he did not have the poll books beside him, or make any comparison therewith; that the auditor or sheriff looked at the book showing the township from which the several names were drawn.

The presumption is, in the absence of proof, that each of these officers performed the duty required of him. *Dutell v. State*, 4 G. Greene, 125. Said section 240 required the auditor to write out the names on the lists returned by the judges of election, that had not been previously drawn, on separate ballots. There is

no evidence that he did otherwise.   Therefore we must presume that the ballots from which the drawing was made contained only the names taken from the lists. While it is true all the ballots placed in the box were not compared with the lists, it fairly appears that the names drawn were so compared.   The purpose of the comparison required is to see that none are drawn whose names were not returned on the lists.   That those drawn in this instance did so appear is shown by the presumption that the auditor prepared the ballots as required, and by the comparison that was made.   We may add that it also appears by the absence of evidence that the names of any of those composing the panel were not upon the lists.   These provisions are but directory, and we must examine the record, "and without regard to technical errors or defects, which do not affect the substantial rights of the parties, render such judgment as the law demands."   *State v. Gillick*, 7 Iowa, 287; *State v. Carney*, 20 Iowa, 82; *State v. Brandt*, 41 Iowa, 593; *State v. Knight*, 19 Iowa, 94; *State v. Beckey*, 79 Iowa, 368.   We think there was a substantial compliance with the provisions of section 240, and that the defendant was not prejudiced in any of his substantial rights by overruling his motion to set aside the indictment.

The judgment of the district court is AFFIRMED.