STATE OF IOWA, Appellee, v. T. W. JOHNSON, Appellant.

**Grand jury:** SELECTION. Where the original drawing of the grand jury is set aside because two jurors are drawn from the same township there is no valid objection to returning the names to the jury box prior to another drawing.

**Same:** GROUNDS OF CHALLENGE. The excusal of one summoned as a grand juror prior to the drawing of the jury is not the basis for an objection to the jury as subsequently drawn and organized.

**Indictment:** MOTION TO VACATE. A defendant held to answer before indictment cannot have the same set aside because of defects in the selecting, drawing and impaneling of the grand jury, under Code, Section 5321.

**Continuance of criminal cause:** DISCRETION. Where it was the general understanding that defendant would stand upon his demurrer to the indictment, and no demand for a trial was made until after the jury was excused for the term, a continuance of the cause on the court's own motion is held not an abuse of discretion.

**Discharge of defendant:** WANT OF PROSECUTION. Where a cause is not triable until late in the term at which the indictment is returned, and the court in a proper exercise of its legal discretion continues the cause until the next term, defendant is not entitled to a discharge for the want of prosecution.

*Appeal from Linn District Court.*— HON. J. H. PRESTON, Judge.

TUESDAY, MAY 7, 1907.

REHEARING DENIED, MONDAY, DECEMBER 16, 1907.

DEFENDANT was convicted of keeping a liquor nuisance, and from the judgment imposed appeals.— *Affirmed.*

*John A. Reed* and *W. E. Lamb,* for appellant.

*H. W. Byers, Attorney General,* and *C. W. Lyon, Assistant Attorney General,* for the State.

DEEMER, J.— Defendant was held to answer to the grand jury by a committing magistrate, and a transcript of the proceedings was filed in the district court August 11, 1905. On the second day of the September term of the Linn county district court, it being the 19th day of September, defendant appeared and challenged the grand jury on the ground that the same was not selected, drawn, and summoned as provided by law. It appears that at the January, 1905, term of court, an order was made declaring that the grand jury which had been drawn for the year 1905 was illegal, and a new grand jury was ordered drawn for that year. Thereupon the twelve names which had been drawn for that year were returned into the grand jury box and a

new drawing was had, and of the twelve redrawn two were of those first drawn. These two were G. B. Bunger and J. C. Brown, who resided in different townships of the county. Of the twelve drawn two did not appear. From the ten appearing the grand jury was drawn. Defendant's challenge was overruled. On the 19th day of October the grand jury so drawn returned an indictment against defendant, and on the 26th of that month he (defendant) filed a motion to set it aside upon the same grounds set forth in his challenge. This motion was overruled. November 15th, defendant demurred to the indictment and this demurrer was also overruled. On the 13th day of December the cause was marked, " Continued by the court," and on the 21st of that month defendant appeared, moved to set aside the order for continuance, and demanded a trial. This was also overruled. At the next January, 1906, term of court, defendant moved for a dismissal of the indictment upon the ground that he had not been tried at the next term after the indictment was returned. This was also overruled. Such proceedings were thereafter had that at said January term defendant was found guilty of the offense charged, and sentenced to pay a fine of $300. Defendant's appeal involves the correctness of all the rulings to which we have called attention.

The regular drawing of the grand jury for the year 1905 was set aside because two grand jurors were drawn from the same township, and it is contended for appellant that, when this grand jury was set aside, the names drawn therefor should not have been returned to the grand jury box. This is the question raised by the challenge and by the motion to set aside the indictment. Reliance is placed upon section 342 of the Code, which provides that, when a precept for a grand jury shall be set aside, the court shall direct a sufficient number drawn and summoned in the manner above provided. Section 350 provides that all ballots drawn when

1. GRAND JURY: selection.

the persons do not appear or do not serve shall be returned to the respective boxes from which drawn. Appellant contends that section 350 is not controlling, for that the words who " do not serve " have no reference to individual members who serve upon the serving jury for any term. It is insisted that the words quoted have reference to one who fails to obey a sumons, or who appears and perhaps was excused. We do not agree with this contention. Here the entire panel was set aside at the first term after it was drawn, and none of the persons so drawn served except as they constituted a part of the panel drawn by order of court. But, whether this be true or not, there was no prejudicial error of which defendant may complain. None of the persons whose names were returned to the jury box were personally disqualified. They had been properly selected by the regularly constituted authorities, and their names were duly returned as grand jurors. The original drawing was set aside for the reasons named, and there was no valid objection to returning the names to the jury box as provided in section 350 of the Code.

II. When the new list of grand jurors was drawn, all appeared but one, who it appears had been excused by the judge the week before the seven who were to constitute the grand jury were drawn. One who was present when the grand jury was drawn was excused, and from the ten remaining the seven were drawn. This is said to be a ground for challenge and for setting aside the indictment under section 5240 of the Code, which provides that " he (the clerk) shall draw therefrom seven names and the persons so drawn shall constitute the grand jury for that term. Should any of the persons so drawn be excused or fail to attend on the second day of the court, the clerk shall draw other names until the seven are selected." As to the excusal of one of the jurors, there is no showing that it was not done in exact accord with this statute. As to the other, there was no material or substan-

2. SAME: grounds of challenge.

tial departure from the statutory provision. *State v. Brandt,* 41 Iowa, 593; *State v. Howard,* 10 Iowa, 101; *State v. Warde,* 60 Vt. 142. All were qualified, and no prejudice resulted from the excusals. There is no merit in the contention that the excusal could not be made until the grand jurors were drawn to serve upon the panel. If he were drawn, he would then have been excused, and, if not drawn, no excuse was necessary for that term. In no event would he serve upon the grand jury which returned the indictment.

III. As defendant was held to answer, his motion to set aside the indictment because of defects in selecting, drawing, and impaneling the grand jury was properly overruled. Code, section 5321.

3. INDICTMENT: motion to vacate.

IV. The November term of the district court of Linn county commenced on November 13, 1905, and defendant was not arrested under the indictment against him until November 15th. On November 13th the county attorney, after advising with the presiding judge, made an assignment of criminal causes for the term. Defendant's case was not included in that assignment, for he had not yet been arrested. On November 15th defendant appeared and filed a demurrer to the indictment. The record does not show when the demurrer was ruled upon, nor when defendant again entered a plea of not guilty; and on December 13, 1905, a plea of not guilty appearing of record, the trial judge entered an order continuing the case until the next term of court. After the discharge of the jury for the term, which was on December 11th, and on December 21st, defendant filed a motion to set aside the order for a continuance, and demanded a trial. All parties seem to have believed down to December 13th that defendant was standing upon the ruling on his demurrer. It seems that there was a sort of understanding that in five other like cases there should be a reliance upon the demurrer, and no one apprehended that a trial of defendant's case

4. CONTINUANCE OF CRIMINAL CAUSE: discretion.

would be had until it was found that defendant had entered a plea of not guilty, and this was after the discharge of the trial jury. In view of the entire record, we discover no reason for saying that the court was in error in continuing the case or in overruling defendant's motion to set aside that order and in denying him a trial at the November term. The trial court did not abuse its discretion in this matter. *State v. Maher,* 74 Iowa, 77. *State v. Bowman,* 73 Iowa, 110, is not in point. In that case the court informed the grand jurors that they need not appear at the subsequent term unless again summoned. Without any summons or notice to them to attend, and without any showing that any were present, the trial court proceeded at the next term to impanel a grand jury by calling talesman to take the place of the absent jurors. This was held to be illegal. No such case is here presented.

V. The defendant's motion to dismiss filed at the January, 1906, term was based upon section 5536 of the Code, which provides in substance that, if a defendant is not

**5. Discharge of defendant: want of prosecution.** brought to trial at the next regular term of court in which the indictment is triable after the same is found, the court must order it dismissed; unless good cause to the contrary be shown. The defendant's case was not triable until late in the November term, and, as there was no error in the court's ruling continuing the case until the next term, good cause is shown, and defendant's motion to dismiss was properly overruled. *State v. Smith,* 106 Iowa, 701.

No prejudicial error appears; and the judgment is *affirmed.*