CECIL QUAINTANCE, Plaintiff, v. E. D. LAMB, Sheriff, Defendant.

INSANE PERSONS: Adjudication Excludes Court Action on Indictment. An adjudication of insanity by the commissioners of in-

sanity precludes the district court from proceeding with the trial of a subsequently returned indictment against the same person, until his reason is restored.   (Sec. 2279, Code, 1897.)

*Habeas Corpus Proceedings.*—JOHN F. TALBOTT and K. E. WILLCOCKSON, Judges.

JANUARY 20, 1919.

THE facts appear in the opinion.—*Writ sustained.*

*Lewis & Dickson* and *R. J. Smith,* for plaintiff.

*H. M. Havner,* Attorney General, *W. R. C. Kendrick,* Assistant Attorney General, and *F. R. Talbott,* County Attorney, for defendant.

LADD, C. J.—A preliminary information, accusing Cecil Quaintance, 16 years of age, of having committed the crime of murder, was filed June 20, 1918, with a justice of the peace of Poweshiek County, F. D. Light, who issued a warrant for his arrest.   Thereupon, he was arrested, and brought before the justice for a preliminary hearing, and waived it.   The justice ordered that he be held without bail, to answer any indictment which might be returned by the grand jury against him, and also that E. D. Lamb, sheriff of said county, detain him in jail, to await the action of the grand jury.   Two days later, the sheriff removed the accused from the jail in Poweshiek County to that of Mahaska County, where he was detained without authority, other than recited, until August 24, 1918, when said sheriff returned him to the Poweshiek County jail, and he was there detained until ordered by the then chief justice to be delivered to the superintendent of the Hospital for Insane at Mt. Pleasant, pending hearing and determination of this action.

August 23, 1918, the father of accused, Burt Quaintance, a citizen of Poweshiek County, filed in the office of

the district court of Iowa, in and for Mahaska County, an information charging the accused with being insane, and reciting that he was confined in the jail of Mahaska County, charged with the crime of murder, but neither convicted nor indicted. The commissioners of insanity thereupon issued their warrant, ordering him to be brought before them for trial, and he was arrested, and taken before that body, and, upon trial as to whether insane, he was by said commissioners adjudged insane, and a fit subject for detention and treatment at the State Hospital for Insane, at Mt. Pleasant, and an order was issued for his commitment to such institution for detention and treatment. This order was placed in the hands of E. D. Lamb, sheriff, for service. Instead of obeying said order, he removed the accused from the jail of Mahaska County to that of Poweshiek County, where he detained him. Shortly afterwards, the accused, by his next friend, filed a petition, praying for an injunction, in which the facts heretofore recited were alleged, and the alleged purpose of the judge and county attorney to put him on trial, and a stay of proceedings was prayed, and that the accused be conveyed to the Hospital for Insane for detention and treatment, pursuant to the order of commissioners of insanity. On hearing, the petition was dismissed.

On September 10th, following, the court caused the accused to be brought into court for arraignment, he having been indicted in Poweshiek County September 5, 1918, to which he, through his attorney, objected, on the ground that the court had no jurisdiction to proceed with the trial, for that the accused was legally in the custody of the superintendent of the Hospital for Insane, at Mount Pleasant: that he was not subject to the jurisdiction of the court for trial. This objection was overruled, and the defendant was arraigned, and entered a plea of "not guilty."

At the November term following, and on the second day thereof, November 19, 1918, over objections heretofore men-

tioned, the court set the cause down for trial, to begin November 25, 1918, at 1:30 o'clock P. M., and directed that the trial proceed to judgment, unless otherwise ordered. In the meantime, November 22d, the accused applied to this court for a writ of habeas corpus, and a writ was issued by the then chief justice, returnable to the court, with time fixed for hearing and submission.

Such are the facts of the case; and, as will be observed, the question for determination is whether the accused shall be detained in the Hospital for Insane, under and by virtue of the order of the commissioners of insanity, until found by the superintendent of the Hospital for the Insane to be cured, or be tried, as ordered by the district court. The proceedings resulting in the order of the commissioners of insanity were in pursuance of Section 2279 of the Code, which provides that:

"On a written application made by any citizen, stating under oath that a person confined in any prison within the county, charged with a crime but not convicted thereof nor on trial therefor, is insane, the commissioners shall cause said prisoner to be brought before them, and if they find that he is insane they shall direct his removal to and detention in one of the hospitals for the insane, issuing their warrant therefor, and stating therein that he is under criminal charges, and the superintendent of the hospital designated in such warrant shall receive and keep such prisoner as a patient. The warrant shall be executed by the sheriff or his deputy by delivering the prisoner to the superintendent in person. After an investigation such as contemplated in this section, the commissioners shall not entertain a like application within six months on behalf of said person."

The situation of petitioner was, in all respects, as described in this statute: i. e., confined in prison, charged with crime, and neither convicted nor tried. The commissioners of insanity, then, did not exceed their authority, if

it can be said to have existed as against the power of the district court to proceed with the trial upon indictment returned in such a case. The section following, however (Code Section 2280), defines when the accused shall be returned from the hospital:

"When any insane person shall be confined in either hospital under the preceding section, the superintendent in whose charge he may be shall, as soon as such person is restored to reason, issue his warrant to the sheriff of the county from which such person is received, directing him to return such person to the jail of said county, which shall be done by said sheriff as soon as practicable, when the accused shall be returned to the jail of the proper county to answer to the charge against him."

This plainly contemplates that the prisoner shall be treated at the Hospital for the Insane until restored to reason. He could not be put on trial before. The superintendent of the hospital is to determine when he is cured, and issue his warrant accordingly. There seems to be no escape from the conclusion that, under these statutes, the accused should have been taken to the Hospital for the Insane, and there retained as a prisoner and treated as a patient until the superintendent found his reason restored, and issued a warrant for his return to the jail of the county, after which he would be subject to being put on trial.

But the defendant contends, as we understand counsel, that these statutes are inconsistent with Section 5540 of the Code, declaring that:

"If a defendant appears in any stage of the trial of a criminal prosecution, and a reasonable doubt arises as to his sanity, further proceedings must be suspended and a trial had upon that question."

The section following prescribes the manner of trial of the issue, and Section 5542 reads:

"If the accused shall be found insane, no further pro-

ceedings shall be taken under the indictment until his reason is restored, and, if his discharge will endanger the public peace or safety, the court must order him committed to the department for the criminal insane at Anamosa until he becomes sane; but if found sane, the trial upon the indictment shall proceed, and the question of the then insanity of the accused cannot be raised therein."

This language plainly indicates that "the trial" contemplated in Section 5540 of the Code is that under an indictment; and this was the construction given it in *Stone v. Conrad,* 105 Iowa 21. There, the information charging the accused with being insane was filed before his indictment and arrest, but not heard by the commissioners of insanity until afterwards; and the court held that, after service on the accused of the bench warrant, issued on indictment found, Section 5540 of the Code was applicable, and, prior to that event, Section 2279 of the Code. The court, speaking through Waterman, J., said:

"The district court has exclusive jurisdiction in criminal matters, save where otherwise conferred. Certainly, it will not be contended that the commissioners of insanity have any criminal jurisdiction. When the jurisdiction of the district court has once attached in a criminal case, it continues; and it extends, by express terms of the statute, to the investigation of the sanity of a defendant. When does this jurisdiction attach? It may very properly be asked. The language of Section 5540, quoted above, is, 'If a defendant appears *in any stage of the trial of a criminal prosecution,'* etc. Does this mean, in any stage of the trial on the indictment, or is it a phrase of broader meaning? Can it be that, after the jurisdiction of the district court has attached, but before the trial of the case has actually begun, the commissioners of insanity can open the jail door, take out the criminal defendant, and dispose of him as they may think best? Surely, this is not the law. It must be-

that the jurisdiction of the district court attaches at the time of the service of a warrant issued upon an indictment, and that, from this time, it has control of the person of the defendant, not only for the purpose of the criminal investigation, but for all matters incident thereto. The purpose of Section 2279 was to vest authority in the commissioners to inquire into cases of persons in prison charged with crime, and of whose mental condition there might be doubt. This is but reasonable and humane, in those cases in which no other tribunal has authority to make such investigation. But when such authority is lodged elsewhere, neither reason nor humanity supports the claim of jurisdiction on the part of the commissioners."

We discover no reason to reconsider this decision. Section 5542 of the Code unmistakably indicates that the trial contemplated in Section 5540 was that under indictment, and that could not well commence before the accused's arrest thereunder, or his custody upon the return thereof. Prior thereto, Section 2279 of the Code is applicable. There appears to be no conflict between these sections. It follows that the petitioner is ordered to be retained by the superintendent of the Hospital for the Insane, at Mount Pleasant, until restored to reason.

EVANS, GAYNOR, PRESTON, SALINGER, and STEVENS, JJ., concur.