STATE OF IOWA, Appellant, v. C. W. JUDKINS, Appellee.

CRIMINAL LAW: Jurisdiction—Custody of Person Essential. The
1    district court has no jurisdiction over the *person* of an indicted party until it in some manner acquires, under the indictment, the actual *custody* of the person of the said party; and the *court* does not have such custody because of the fact that the *state* is holding the party in confinement in the penitentiary under a former conviction.

INDICTMENT AND INFORMATION: Motion to Quash—Power of
2    Court Sua Sponte. A motion to set aside an indictment, filed on behalf of an accused who was not in the custody of the court, is nugatory; yet, when the motion presents a proper ground, the sustaining of the motion will be deemed proper, *because the court had power to take such action on its own motion.* (See Book of Anno., Vol. 1, Sec. 13781, Anno. 2.)

INDICTMENT AND INFORMATION: Motion to Quash—Two Jurors
3    from Same Township. An indictment must be set aside when returned by a grand jury two members of which were from the same township.

Headnote 1: 16 C. J. pp. 174, 175. Headnote 2: 31 C. J. p. 798. Headnote 3: 31 C. J. pp. 798 (Anno.), 805 (Anno.)

*Appeal from Clarke District Court.*—A. R. MAXWELL, Judge.

DECEMBER 15, 1925.

APPEAL by the State of Iowa from an order by the district court setting aside an indictment against the defendant.—*Affirmed.*

*Ben J. Gibson,* Attorney-general, and *M. R. Stansell,* for appellant.

*O. M. Slaymaker,* for appellee.

EVANS, J.—It appears from the record that, on October 28, 1921, an indictment for embezzlement was returned against the defendant by the grand jury of Clarke County. Prior to such

1. CRIMINAL LAW: jurisdiction: custody of person essential.

date the defendant had been sentenced to the penitentiary. at Fort Madison, and was there confined at the time of the return of the indictment, and has been there confined ever since. The indictment was duly filed with the clerk of the district court, but was not entered upon the trial docket nor made public in any way. No warrant was issued thereunder, nor was the defendant arrested thereunder, nor in any manner brought into the custody of the court. That is to say, the indictment was allowed to remain dormant, presumably to await the release of the defendant from his existing sentence, before the issuance of a warrant for his arrest under such indictment. On November 25, 1924, counsel purporting to appear for the defendant filed a motion to quash the indictment on various grounds. One of these grounds was that the grand jury which returned the indictment was illegally drawn, and that the indictment was void for that reason. The district court took cognizance of this motion, and, over the objection of the State, permitted an inquiry to be made as to the facts; and witnesses were examined for that purpose. At the close of such examination, the court sustained the motion, and set aside the indictment on the ground that the grand jury was illegally drawn, and was therefore not legally constituted. This is the order appealed from by the State.

I. The State challenges the jurisdiction of the district court to take cognizance of the motion filed by defendant's counsel, because no jurisdiction had ever been acquired by the court over the person of the defendant. The counsel purporting to appear for the defendant contends that the defendant has a right to waive the issuance of a warrant and to appear voluntarily to the indictment through counsel, and that the custody of the person of the defendant is not essential to the jurisdiction

of the court. They urge further that the defendant is in fact in the custody of the State, and that this fact is sufficient to confer the required jurisdiction.

That an indicted defendant may voluntarily appear, when advised of an indictment, and thereby surrender himself to the officer holding the warrant and to the custody of the court, is beyond dispute. This falls far short of saying that the district court can acquire jurisdiction of him without acquiring custody of his person. In this case the defendant was not bound over to the grand jury by a preliminary examination. He was, therefore, not under previous bail at any time. When the indictment was returned against him, he was not in court in person, nor was he under bail to appear. The only power that the court had over him was to issue a warrant for his arrest. No other method is provided by our statute for acquiring jurisdiction over the person of a defendant. The statutory procedure following an indictment is set forth chronologically. No right of attack upon the indictment prior to defendant's arrest thereunder is conferred by the statute. From the very nature of the case, it could not be otherwise. Under the statute, the court, upon quashing an indictment, may order the case resubmitted to another grand jury, and may hold the defendant, pending such resubmission. This presupposes his previous arrest. Nor is there any basis for the court's jurisdiction over the person of the defendant in a criminal prosecution, except pursuant to warrant and an arrest thereunder. Such jurisdiction cannot be acquired by a mere record entry, or by appearance either by counsel or otherwise. Direct authorities on this question are few. Those from other jurisdictions are collated in 31 Corpus Juris 798 and 16 Corpus Juris 148. We have expressed ourselves indirectly on the question in *Stone v. Conrad*, 105 Iowa 21, and *Quaintance v. Lamb*, 185 Iowa 237, and more directly in *Ex parte Baldwin*, 69 Iowa 502, 504. In the latter case, where a defendant had been indicted for the same offense in two counties, each court having jurisdiction of the offense, we held that the jurisdiction of the person of the defendant was acquired by the court which first caused his arrest and thereby acquired the custody. In the case at bar, if the court had overruled the motion of counsel, and had thereupon entered a judgment for costs against the

defendant, such judgment would have been wholly ineffective, for want of existing jurisdiction over the person. This illustrates the want of right in an absent defendant, through counsel, to invoke affirmative action on the part of the court, without first submitting to arrest. It is urged, however, by counsel that the defendant is already in the custody of the State, and the State is the prosecuting party to the case. The jurisdiction thus challenged is not that of the state, but the jurisdiction of the district court of Clarke County. The custody of a defendant in the penitentiary does not confer jurisdiction of his person upon any particular district court wherein an indictment has been found against him. We recognize that it is an apparent hardship to say that a defendant cannot confer jurisdiction on the court over his person without submitting to arrest, even though he be unable to submit himself for arrest because detained in the penitentiary in the custody of the sovereign state. But the court has power, under the statute, to have the defendant produced before it, for the purpose of conferring jurisdiction over his person and for the purpose of trial. It is also urged that, under the rules of the board of parole, no pardon or parole will be granted to a prisoner if another indictment is pending against him. Granted that this is a harsh rule on the part of such board, this furnishes a reason only for changing the rule. We hold, therefore, that the district court had no jurisdiction in this case over the person of the defendant, notwithstanding the appearance of counsel for him. This is as far as the briefs of counsel carry us.

Manifestly, if the court had entered an order adverse to the defendant, it could have had no operation against him. It would simply fail to disturb the status quo. Does it follow that the order actually entered by the court was void and without jurisdiction because it operated to the advantage of the defendant?

Without any jurisdiction over the person of the defendant, the court did have power, either on motion of the county attorney or on its own motion, to set aside the indictment upon any ground and for any reason which rendered the indictment void. Suppose, therefore, that no motion had been filed on behalf of defendant, and that the facts rendering the indictment

2. INDICTMENT AND INFORMATION: motion to quash: power of court *sua sponte.*

void had come to the notice of the court in other manner than by formal motion, it would then be the right and the duty of the court to set it aside. Does the fact that the agency which stimulated the inquiry of the court, whereby the facts were brought to its notice, was an unauthorized agency, diminish the power of the court to do that which it could do upon its own motion? We think not.

If we were to reverse the order of the district court on the ground that it purported to sustain an unauthorized motion presented for the defendant, such a reversal could not curtail the power of the court to set aside the indictment thereafter on its own motion.

We hold, therefore, that, though the motion purporting to be filed on behalf of defendant was unauthorized and nugatory, and imposed upon the court no duty to hear it, yet the action of the court in setting aside the indictment upon proper grounds brought to its notice was within its power, in the absence of motion, and was therefore valid.

Counsel for the State do not seriously attack the validity of the ground upon which the court set aside the indictment. This ground was that two members of the grand jury which returned 3. INDICTMENT AND INFORMA- TION: motion to quash: two jurors from same township. the indictment were drawn from the same civil township in Clarke County, in violation of the provisions of Section 339 of the Code of 1897. It was long ago held that such violation of the statute was subject to a motion to quash the indictment. *State v. Russell,* 90 Iowa 569. See, also, *State v. Crisinger,* 197 Iowa 613, where it was held that that defect could be waived by defendant. No waiver is claimed in this case, nor is there any basis in the record for such claim. The state of the law as to the irregularity under consideration is not of our making. The legislative policy which permits the arrest and trial of a defendant for an indictable offense, upon an information filed by the prosecuting attorney, and yet renders invalid an indictment returned by a grand jury, for the artificial reason that two members of the grand jury were residents of the same civil township, carries manifest inconsistency, and might well receive the attention of the legislative body.

We sustain the order of the trial court, upon the ground that it was within the power of the court to make it on its own motion.

The order is, accordingly, affirmed.—*Affirmed.*

FAVILLE, C. J., and ALBERT and MORLING, JJ., concur.