**STATE of Iowa, Appellant,**

v.

**Charles R. DOHRN and Charles J. Munson, Appellees.**

**Nos. 60061, 60073.**

Supreme Court of Iowa.

Nov. 23, 1977.

Richard C. Turner, Atty. Gen., John R. Perkins, and William F. Raisch, Asst. Attys. Gen., for appellant.

John J. Carlin, Davenport, for appellee Charles R. Dohrn.

Wayne C. Collins and Patrick M. Roby, of Shuttleworth & Ingersoll, Cedar Rapids, for appellee Charles J. Munson.

Heard before MOORE, C. J., and RAWLINGS, REES, UHLENHOPP and McCORMICK, JJ.

McCORMICK, Justice.

Defendants Charles R. Dohrn and Charles J. Munson were each indicted on six charges of securities law violations and indicted together for conspiracy to commit one such violation. On defendants' motions the trial court dismissed these 13 indictments because of an alleged irregularity in the manner of summoning the grand jurors who comprised the indicting grand jury. The State appealed, and we reverse and remand.

Although the record is silent regarding some material aspects of the grand jury selection process, the parties agree on what the record does show. Two principal events are involved. One relates to the impaneling of the 1976 first quarter Scott County grand jury on January 5, 1976, and the other relates to the reconvening of the grand jury on February 23, 1976. Defendants were indicted by the reconvened grand jury on February 25, 1976.

A grand jury panel to serve during 1976 was selected in December 1975. See § 609.-25, The Code. The clerk of court then

issued a precept to the sheriff directing him to summon the panel to appear January 5, 1976. See § 609.30, The Code. The sheriff summoned the twelve persons but did not make return of the precept to the clerk's office. See § 609.31, The Code. Cynthia Olson, a secretary in the county attorney's office, was appointed grand jury clerk pursuant to § 770.17, The Code. She notified the panel members by letter to appear on January 5, 1976, the date for which they had been summoned.

The twelve persons on the grand jury panel appeared on that date, and a seven-member grand jury was selected, impaneled and sworn in the manner provided by law. See § 770.1–770.14, The Code. This constituted the 1976 first quarter grand jury for Scott County.

The record does not show how long this grand jury remained in session. However, it was not in session on February 6, 1976. On that date the county attorney's office presented an application and proposed order to Judge Robert K. Stohr. The application was as follows:

APPLICATION TO RECONVENE

IN THE MATTER OF RECONVENING THE 1976 GRAND JURY.

Comes now, Edward N. Wehr, Scott County Attorney, and makes Application to the Court to reconvene the Scott County Grand Jury for Monday, February 23, 1976, at 9:15 A.M. pursuant to a request from the Attorney General's office.

WHEREFORE, your Applicant prays for Order of Court.

The court signed the proposed order:

IN THE MATTER OF RE-CONVENING THE 1976 GRAND JURY. } ORDER

NOW, on this __6__ day of February, 1976, the Application of Edward N. Wehr, Scott County Attorney, comes to the attention of this Court, and the Court being fully advised in the premises,

ORDERS that the Grand Jury be reconvened on February 23, 1976, at 9:15 A.M., and the Clerk of the District Court shall issue his precepts to the Sheriff of Scott County, Iowa, to summon the persons drawn as Grand Jurors to appear at the Court House on February 23, 1976, at 9:15 o'clock A.M.

/s/ R. K. Stohr
Seventh Judicial District of Iowa

The clerk of court did not issue a precept to the sheriff. Instead the grand jury clerk notified the grand jurors to appear. The record does not show how this notice was given or whether all members of the panel were contacted. On February 23, 1976, ten members of the grand jury panel appeared. They included at least six of the seven members of the first quarter grand jury. The record does not show whether the seventh grand jury member, Mark E. Higgins, appeared on that date. It does reveal that panel member Gary Koenig was selected to take Higgins' place on the grand jury. The parties stipulated that Judge James Havercamp presided on February 23, 1976, and that Koenig "was properly selected, drawn and sworn * * *."

Thus these defendants were indicted by the first quarter grand jury as impaneled on January 5, 1976, except that panel member Koenig was substituted for grand juror Higgins for reasons which the record does not disclose.

Defendants moved to set aside the indictments on the ground provided in § 776.1(7), The Code, that the grand jury was not selected, drawn, summoned, and impaneled as prescribed by law. Specifically, defendants alleged that the grand jury which indicted them was not comprised of the same persons who constituted the grand jury which had been impaneled January 5, 1976. They alleged that the clerk failed to issue a precept to the sheriff as required by Judge Stohr's order of February 6, 1976, as a consequence of which the sheriff did not in fact summon the grand jury as required by the order and by statute.

The trial court sustained defendants' motion on the ground that the procedures employed in connection with the appearance of the grand jury which indicted defendants did not comply with law within the mean-

ing of § 776.1(7), The Code. The State appealed.

■ Our statutes establishing grand jury selection procedures are directory. Deviations are reviewed in accordance with this principle:

It has long been the settled law of this state that a substantial compliance with the statute in the selection of grand jurors is sufficient, and that a slight deviation from statutory methods and a merely technical irregularity will not invalidate an indictment, unless it may reasonably be inferred from the circumstances that some prejudice has resulted to the defendant. *State v. Heft*, 148 Iowa 617, 619–620, 127 N.W. 830, 831 (1910).

■ A defendant is not prejudiced by a variance from statutory procedure in the selection of the grand jury which indicted him unless the variance infringes his substantial rights. Prejudice is not presumed when a departure from statutory procedure occurs. The burden to show prejudice rests with the defendant. *State v. Hassan*, 149 Iowa 518, 128 N.W. 960 (1910); *State v. Heft*, supra; *State v. Carter*, 144 Iowa 371, 375, 121 N.W. 801, 802 (1909) ("The defendants had no constitutional or statutory right to have their case acted upon by a particular grand jury, and, if the one returning the indictment was legally drawn and selected, they have no ground for complaint."); *State v. Clark*, 141 Iowa 297, 119 N.W. 719 (1909) (grand jury list contained 73 names instead of 75 as required by law); *State v. Pell*, 140 Iowa 655, 119 N.W. 154 (1909); *State v. Johnson*, 136 Iowa 601, 111 N.W. 827 (1907) (one panel member excused before appearance date and a second excused then—not a material or substantial statutory departure to draw grand jury from panel of ten rather than twelve grand jurors); *State v. Disbrow*, 130 Iowa 19, 106 N.W. 263 (1906) (defendant not prejudiced when court impaneled a new grand jury instead of recalling a discharged one); *State v. DeBord*, 88 Iowa 103, 55 N.W. 79 (1893); *State v. Hart*, 67 Iowa 142, 25 N.W. 99 (1885); *State v. Hughes*, 58 Iowa 165, 11 N.W. 706 (1882) (when the defendant's only objection to a second grand jury is that the first was illegally discharged, no substantial right of the defendant is affected); *State v. Carney*, 20 Iowa 82, 84 (1865), aff'd, 72 U.S. 480, 18 L.Ed. 675 (1866) ("The provisions [of the statute], in relation to the mode of obtaining jurors, are directory."); *State v. Knight*, 19 Iowa 94 (1865); *State v. Ansaleme*, 15 Iowa 44 (1863).

Prejudice has been found in a few cases. See *State v. Beckey*, 79 Iowa 368, 44 N.W. 679 (1890); *State v. Bowman*, 73 Iowa 110, 34 N.W. 767 (1887); *State v. Brandt*, 41 Iowa 593 (1875), overruled on other grounds, *State v. Swearengen*, 43 Iowa 336 (1876).

■ In the present case, it appears the State sought to reconvene the first quarter grand jury on February 23, 1976. No method for reconvening a grand jury is prescribed by statute. Here Judge Stohr executed the order prepared by the State providing that the grand jurors were to be summoned by the sheriff. That procedure was not used. Instead the grand jury clerk notified the grand jurors to appear. If the grand jurors did appear and defendants were indicted by the reconvened grand jury as originally constituted, they would have no basis for attacking the State's failure to comply literally with Judge Stohr's order. If the purpose of the order were achieved, defendants would be in no position to complain. See 38 C.J.S. Grand Juries § 15 ("It has been held that, if a grand juror receives notice and attends, it is immaterial by whom he was served.").

However, the record shows that grand juror Higgins was replaced by panel member Koenig when the grand jury reconvened February 23, 1976. The question then becomes whether a basis for setting aside the indictments arises from the circumstances in which this substitution was made. Defendants have stipulated that Koenig was properly selected, drawn and sworn. Nevertheless they contend the substitution was unlawful because the grand jurors had not been summoned to appear as required by law.

The procedure for filling out a grand jury which has been reduced to less than seven members is contained in § 770.9, The Code, which provides:

If such grand jury has been reduced to a less number than seven by reason of challenge to individual jurors being allowed, or from any other cause, the additional jurors required to fill the panel shall be summoned, first, from such of the twelve jurors originally summoned which were not drawn on the grand jury as first impaneled, or excused, and if they are exhausted, the additional number required shall be drawn from the grand jury list and the court shall, when necessary, issue a venire to secure the attendance of such additional jurors. The persons so summoned shall serve only in the case, or cases, in which, by reason of challenges, or other causes, the regular panel is set aside or is insufficient in number to find an indictment.

We agree with defendants that this provision contemplates a summoning of the remaining members of a grand jury panel to fill out a grand jury in the same manner as the panel itself is summoned pursuant to § 609.32, The Code.

In this case the record does not show why grand juror Higgins was replaced. A substitution may be made under § 770.9 when the "grand jury has been reduced to a less number than seven by reason of challenges to individual jurors being allowed, or from any other cause * * *." Because the record is silent on this point, we presume Judge Havercamp acted under authority of this provision in replacing grand juror Higgins. See *Turner v. State*, 111 Tenn. 593, 69 S.W. 774 (1902).

The controversy here concerns whether a ground for setting aside the indictments was established by showing the substituted grand juror Koenig and other panel members had not been summoned as required by § 770.9.

Koenig was a panel member who appeared in response to notice from the grand jury clerk. Because he was actually in attendance the failure to summon him did not prejudice defendants. See *Gray v. State*, 143 Fla. 588, 197 So. 333 (1940); *Moree v. State*, 147 Tex.Cr.R. 564, 183 S.W.2d 166 (1944); *State v. Howard*, 137 W.Va. 519, 73 S.E.2d 18 (1952).

A more serious problem is whether defendants were prejudiced by the unexplained absence of two panel members who were not summoned. This is not a case like *State v. Bowman*, 73 Iowa 110, 34 N.W. 767 (1887), where grand jurors were absent by direction of the judge. In that case the court said the jury should not have been impaneled when jurors were absent by direction of the judge until they had been notified and failed to appear. Here we do not know whether the two absent panelists were notified to appear, but, in any event, no showing was made of an effort by the judge or grand jury clerk to manipulate the composition of the grand jury by failing to notify them. Even though defendants suggest the grand jury clerk may have been guilty of manipulation, this suggestion is entirely speculative under the present record.

In a case which is somewhat similar, where the sheriff had failed to notify three grand jury members of a special grand jury session, the Arkansas Supreme Court said:

The court had the right to complete the panel upon the grand jury being reassembled by its order as though the members who failed to appear had been excused or discharged, and no contention is made that the new jurors were not qualified or that any of them were prejudiced against appellants, and any such irregularity in the formation of the grand jury was not material and could not have prejudiced the rights of appellants. *Lanahan v. State*, 176 Ark. 104, 2 S.W.2d 55 (1928).

We reach the same conclusion here. The departure from the directory provision of § 770.9 that the grand jury panelists be summoned in order to fill the vacancy did not make the grand jury illegal. Grand jurors do not try the case but merely charge the accused. " 'The manner of their selection is of no consequence to him, he being

entitled to claim only fair and impartial grand jurors who possess the necessary qualifications, whereas it is of great consequence that the administration of justice shall not be delayed by mere technical objections.'" *People v. Jameson*, 387 Ill. 367, 374, 56 N.E.2d 790, 793 (1944). Of course, there is no claim or evidence here of fraud or unconstitutional systematic exclusion. No claim or evidence exists that the jurors were not fair, impartial and qualified. Although the State's deviation from the statute created an opportunity for manipulation, no evidence of manipulation appears.

Under this record we hold defendants did not meet their burden to establish prejudice from the State's failure to cause the grand jurors to be summoned to fill the grand jury vacancy. The trial court erred in setting aside the indictments on this ground.

Defendants seek to sustain the trial court's ruling on an alternative ground. They contend all grand jury proceedings were void because of the sheriff's failure to make return, as required by § 609.31, The Code, on the precept received from the clerk in December 1975 commanding him to summon the grand jury panel to appear January 5, 1976. The State asserts this ground was not urged in the trial court and should not be entertained here. See *State v. Reynolds*, 250 N.W.2d 434, 441 (Iowa 1977). Because defendants allege the ground is jurisdictional, we have elected to address it. We find the ground is neither jurisdictional nor meritorious.

The function of the sheriff's return of process under § 609.31, is to identify the persons listed in the precept which the sheriff has succeeded in summoning. See *Commonwealth v. Eberhardt*, 164 Pa.Super. 591, 67 A.2d 613 (1949), overruled on other grounds, *Commonwealth v. Crider*, 240 Pa. Super. 403, 361 A.2d 352 (1976). In this case the record shows all persons listed in the precept were summoned and appeared as required. Therefore the sheriff's failure to make a return was a technical defect under our rules, did not affect the legality of the grand jury impaneled, and did not establish a ground for setting aside indictments.

The principal authority relied on by defendants for a contrary holding is *United States v. Antz*, 16 F. 119 (E.D.La.1883). Other deficiencies were involved in that case, only 17 grand jurors from a venire of 23 actually appeared, and the court found the governing statutes to be mandatory rather than directory. The case is distinguishable from the present one, and we decline in any event to follow it.

We hold the trial court erred in setting aside the indictments. We reverse and remand for further proceedings.

REVERSED AND REMANDED.