## THE STATE OF IOWA v. TULLEY.

1. **Evidence:** CORROBORATION: SEDUCTION. The construction given to the words, "other evidence tending to connect the defendant with the commission of the offense," in section 4103, Revision of 1860 (§ 2999, Code of 1851), by this court in *Andre* v. *The State of Iowa*, 5 Iowa, 389; *Upton* v. *The State of Iowa*, Id., 465; *The State* v. *Willis*, 9 Id., 582; *Ray* v. *The State*, 1 G. Greene, 6, approved and followed.

2. —— EVIDENCE CONSIDERED. The sufficiency of evidence under this section, to warrant a conviction, considered and determined.

*Appeal from Van Buren District Court.*

WEDNESDAY, DECEMBER 21.

SEDUCTION. The defendant was indicted under section 4209 of the Revision, and having been convicted, appeals.

*C. C. Nourse*, Attorney-General, ·for the State.

*Semple & Kinley* for the defendant.

DILLON, J. — In relation to this offense, the statute provides (Rev., § 4103; Code, 1851, § 2999) that "the defendant cannot be convicted upon the testimony of the person injured, unless she be corroborated by *other evidence tending to connect the defendant with the commission* of the offense."

1. Evidence: corroboration: seduction.

This provision was quite fully considered in the case of *Andre* v. *The State*, 5 Iowa, 389, and the observations then made in relation to the corroborating evidence contemplated by the statute need not be repeated. And as to meaning of the words in the statute, "*other* evidence tending to connect the defendant with the commission of the offense," see *Upton* v. *The State*, 5 Iowa, 465; *Andre* v. *The State*, Id., 389; *The State* v. *Willis*, 9 Id., 582; *Ray* v. *The State*, 1 G. Greene, 316.

Taking the language of the statute, with or without the light shed upon it by these decisions, it is perfectly plain 2. —— Evidence: considered. that the evidence offered as corroborating in the case under consideration did not meet the requirements of the law. There were, according to the bill of exceptions, but two witnesses introduced by the State, beside the prosecutrix. One of these (her step-father) testified that he had "never seen the defendant in company with the prosecutrix alone; had seen them at parties together; he gave her no greater attention than he did other girls; never knew him to take her to a party or bring her home; defendant lives in the neighborhood, but was never at my house to see her." This is all of his evidence. The mother of the prosecuting witness testified on this point that "she had been acquainted with the defendant six or seven years; that she never saw the defendant and her daughter together, except one evening in October, 1862 (after the date of the seduction as fixed by the prosecutrix), she saw them talking in the lane about a quarter of a mile from the house."

These circumstances did not afford the requisite corroboration to justify a conviction. The defendant's motion for a new trial on this ground should have been sustained, and for this reason the judgment below must be reversed, and the cause remanded for another trial.

Reversed.