WISE & HANSLIP v. BOSLEY.

1. JURY: MISCONDUCT. While a verdict for a party, who corruptly or purposely approaches a juror, should unhesitatingly be set aside, yet the fact that the party in whose favor the verdict is rendered addressed a juror, respecting the case, will not constitute sufficient cause to set aside the verdict, when it is shown that he did not know that he was a juror, and that he immediately desisted from further conversation on being informed that he was.

2. —— STATEMENTS IN JURY ROOM. The statement by a juror in the jury room that he knew a certain witness who testified for the party in whose favor the verdict was found, and that he was a responsible and truthful man, will not vitiate the verdict, when it is shown by a preponderance of evidence that the statement was not made until after the verdict was found.

3. New trial: IMPEACHMENT. It seems a new trial will not be granted for the purpose of impeaching a witness with whose testimony the applicant claims he was surprised.

*Appeal from Benton Circuit Court.*

FRIDAY, JUNE 23.

THIS action was originally commenced, in August, 1867, in a justice's court, where, after two juries had disagreed, the third found a verdict for the defendant. The plaintiffs appealed to the district court, where one trial was had resulting in a disagreement of the jury. The case was then, by consent, transferred to the circuit court, where, after one jury had disagreed, a second, at the May term, 1869, found a verdict for defendant for $16.23, the same as found by the justice's jury, the cost amounting to $344.05. The plaintiffs sued, claiming a balance of $36.77, upon an account for over $500. The defendant claimed an additional credit for $50, leaving a balance due him of $16.23.

*S. P. Vanatta* and *C. H. Conklin* for the appellants.

*I. M. Preston & Son* for the appellee.

COLE, J. — I. The plaintiffs moved for a new trial because of the alleged misconduct of the jury. Affidavits were introduced on the hearing, showing that after a part of the evidence had been given, and the court had adjourned till the next morning, the defendant, not remembering that the person addressed was a juror, asked one of the jury "what he thought of the case, or if it was not a singular case." The juror informed him that he was a juror and the defendant said no more. While we would unhesitatingly set aside a verdict for a party who would corruptly or purposely *approach* a juror in his case, regardless of its effect, yet here the evidence fails to show any such purpose, but rather shows a mistake on the part of defendant, and that he promptly desisted upon learning his mistake. To visit a party with a severe penalty for an innocent and harmless mistake would be contrary to all rules of both law and equity.

1. JURY: misconduct.

It is also insisted, by appellant's counsel, that there was misconduct by the jury, for that one of the jurors, while considering their verdict, stated to his fellow jurors that he knew a certain witness who testified for the defendant, and that he was a responsible man and worthy of credit. Three of the jurors make affidavit to this statement; but the juror himself and seven others make affidavit that the statement was, in fact, not made until after they had agreed upon their verdict. The weight of testimony is, therefore (even if the affidavits are admissible for this purpose), that it had no influence upon the verdict, it being made after it was found, and, of course, no prejudice came therefrom.

2. —— statements in jury room.

II. Another ground for a new trial, as claimed by appellants is, that they were surprised by the introduction of a new witness by defendant who had not before been sworn, and whom they had since ascertained to be of bad character for truth, and unworthy of credit. He testified to the controverted payment of

3. NEW TRIAL: impeachment.

$50. The answers to this ground are numerous: the witness was subpœnaed and attended court at a former term, when the cause was continued; the plaintiff knew before the trial that he was there attending as a witness for defendant; his testimony was only corroborative of the defendant's own and of one or two other witnesses for him; the only thing plaintiff proposes to do in respect to him, if a new trial is granted, is to impeach him. It is very well settled that a new trial will not be granted for this purpose, and besides, due diligence would have discovered the fact, if it be so, before the trial. After so many trials, and two concurring verdicts, we do not think it was error to refuse a new trial.

Affirmed.