OWEN O'NEIL v. THE LAKE SUPERIOR IRON COMPANY.

*Impaneling jury—Rejection of disqualified jurors by court—Peremptory challenge.*

1. A circuit judge has authority, at any time before the jury is sworn, to excuse any person from the panel who is disqualified to sit as a juror.

   So *held,* where after a plaintiff has exhausted his *peremptory* challenges a member of the panel informed the court that he did not think he had sufficient knowledge of the English language to qualify him to sit as a juror, and requested to be excused, and after examination by the court and counsel he was excused, against the objection of plaintiff's counsel.

2. Peremptory challenges are given in *civil* cases, by the statute as a matter of favor, and are exercised in the *rejection* of *qualified* jurors.

Error to Marquette. (Grant, J.) Argued November 1, 1887. Decided November 10, 1887.

Case. Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*F. O. Clark,* for appellant.

*Hayden & Young,* for defendant.

CHAMPLIN, J. The only question presented by the assignment of error in this case relates to the action of the circuit judge in excusing a juror.

While the jurors were being impaneled, and the counsel for the plaintiff had exhausted his peremptory challenges, one of the jurors who previously had been examined by plaintiff's counsel, but not rejected, informed the circuit judge that he did not think he had a sufficient understanding of the English language to qualify him to sit as a juror, and requested to be excused from sitting.

The circuit judge made the request known to the counsel for the parties, and inquired if they had any objections to his being excused, saying that from his own personal examination of the juror he did not consider him qualified, and that he ought to be excused. Counsel for plaintiff objected to his being discharged, for the reason that he had exhausted his peremptory challenges, and consequently some person would be drawn in his stead against whom he would be debarred from exercising his privilege of a peremptory challenge.

The juror was further examined by court and counsel, after which the court excused the juror, against the wish of plaintiff's counsel, to which action of the court counsel for plaintiff excepted. The panel was then filled in the usual manner, and a trial had, which resulted in a verdict for defendant.

There was no error in the proceedings. The statute requires that jurors shall be conversant with the English language (How. Stat. § 7555), and the circuit judge has authority beyond question, at any time before the jury is sworn, to excuse any person from the panel who is disqualified.

The fact that the party had exhausted his peremptory challenges before the juror was excused invaded no right of the plaintiff. Peremptory challenges are given in civil cases by the statute *ex gratia,* and a party is not entitled to them independently of the statute as matter of right. Peremptory challenges are exercised by a party, not in the selection of jurors, but in rejection. It is not aimed at disqualification, but is exercised upon qualified jurors as matter of favor to the challenger. *Hayes v. Missouri,* 120 U. S. 71 (7 Sup. Ct. Rep. 350).

If, then, the party has exercised the privilege to the extent given by the statute, it cannot be alleged as error that qualified jurors are afterwards drawn or placed in the panel. His right to have his case tried before a fair, impartial, and

67 MICH.—36.

qualified jury remains unimpaired, and its selection is secured through the exercise of the challenge for cause, which still remains.

The judgment of the circuit court is affirmed.

SHERWOOD and MORSE, JJ., concurred.

CAMPBELL, C. J., did not sit.