STATE OF IOWA v. GEORGE BESS, Appellant.

**Corroboration:** CHARGE UPON, IN SEDUCTION. An instruction, on a prosecution for seduction, that if the jury found from the evidence, other than that of prosecutrix, that defendant visited her as a suitor, "this, while by no means conclusive, will be sufficiently corroborative of her evidence tending to connect the defendant with the offense," is erroneous because instead of leaving the sufficiency of such corroboration to the jury, it was likely to be understood to charge that the corroboration was made out by such visits.

*Appeal from Dallas District Court.*—HON. JAMES D. GAMBLE, Judge.

THURSDAY, DECEMBER 14, 1899.            ·    · ·

THE defendant was convicted of the crime of seduction, and from the judgment, which required that he be imprisoned in the state penitentiary, he appeals.—*Reversed.*

*P. Stephen Harris* for appellant.

*Milton Remley,* Attorney General, and *Chas. A. Van Vleck,* Assistant Attorney General, for the State.

ROBINSON, C. J.—The indictment charges that on the 10th day of January, 1897, the defendant seduced and debauched one Stella Dawson, an unmarried woman of previously chaste character. That the defendant had sexual intercourse with the prosecutrix on or about the date specified is admitted by him, and the state claims it was accomplished under promise of marriage, with the aid of various seductive arts. He denies the alleged promise of marriage, and claims that the sexual intercourse was not the result of any persuasion or seductive practice on his part. It is claimed for him, in argument, that he, and not the prosecutrix, was the person seduced. At the time of the first intercourse he was sixteen, and the prosecutrix was twenty-one years of age. He testifies that he first saw her in July, 1896; that he had not been introduced to her, although she spoke to him, but that he did not say anything in response; that he next saw her on a street of De Soto, but neither then spoke to the other; that he next saw her in a church, when she approached him and said, "Hello, George Bess;" that he did not know her at that time, but asked to accompany her to her home, and that she consented, and that he walked with her to her home, but did not enter it; that he next saw her about ten days later at church, and that he again asked her

to accompany her home; that she consented, and that on their
arrival there he went into the house, on her invitation; that
in the room were two sisters of the prosecutrix, and two
other young men; that within a short time the light was
blown out, the prosecutrix seated herself on his lap and
placed her arms about his neck, and within fifteen or twenty
minutes, without any suggestion by either of them, they had
sexual intercourse; that he did not profess any affection for
her; and that they did not talk of marriage.    The prose-
cutrix testifies that she met the defendant the first time in
July, 1896, and that she then "simply had a passing conversa-
tion with him;" that she "had no introduction to him by
any one;" that she next saw him in church, in January, 1897,
when he walked up to her and asked permission to take her
home; that she consented, and he walked with her to her
home, and kissed her when they separated at the door; that
she was next with him about two weeks later, when he again
accompanied her home from church; that on the way home
they became engaged to be married, and when they reached
her home they entered the house at her request; that a short
time thereafter she sat on his lap, and that within about two
hours, in consequence of his promises and solicitations they
had sexual intercourse; that no one besides themselves was
in the room; and that it was the first time she had ever had
sexual intercourse with any one.

The court charged the jury as follows: "Fourteenth. The
defendant cannot be convicted upon the evidence of the said
Stella Dawson alone.   Before you can find him guilty in this
case, the said Stella Dawson must be corroborated by other
evidence tending to connect the defendant with the commis-
sion of the offense charged, and the corroborating evidence
required, in order to warrant the conviction of the defendant,
must be evidence tending to strengthen and corroborate the
evidence of her, the said Stella Dawson, and to single and
point out the defendant as the person who committed the
offense; and, in determining whether or not the prosecutrix

in this case has been so corroborated, it is proper for you to consider any and all letters written by the defendant to the prosecutrix, if any; what, if anything, he said with reference to marrying prosecutrix; together with any and all other of his declarations, if any, and the conduct as shown and established by testimony of witnesses other than Stella Dawson. Corroboration may be found, not alone in any one particular fact, but in the relations of the parties and the attending circumstances; and if you find from the evidence, other than that of Stella Dawson, that the defendant visited the prosecutrix as a suitor, this, while by no means conclusive, will be sufficiently corroborative of her evidence tending to connect the defendant with the offense." The last part of this paragraph is objected to by the defendant on the alleged ground that it invaded the province of the jury, in directing it that, if "the defendant visited the prosecutrix as a suitor," that fact was sufficient to connect the defendant with the offense charged. It is insisted on the part of the state that the portion of the charge criticised was fully authorized by numerous decisions of this court, to which reference is made. It was said in *Pollard v. State,* 2 Iowa, 567, that "it is within the province of the court to instruct the jury whether the facts proved, if believed, constitute the offense charged;" but what was thus said referred to facts which the jury should find to be established, and not to the weight which should be given to evidence in considering what facts had been proven. In *State v. Curran,* 51 Iowa, 112, it was said of the defendant, with relation to the prosecutrix: "The fact that he was her suitor, proven otherwise than by her own testimony, tends to make creditable her own testimony that her proven seduction was effected by him. The corroboration, while by no means conclusive, must impress every one who has any knowledge of human nature as exceedingly cogent." It will be noticed that it was not held that such corroboration was sufficient. It was said, however, in *State v. McClintic,* 73 Iowa, 663, with reference to an

alleged seduction, "The fact that the parties kept company together, and acted as lovers usually do, and other circumstances, are regarded sufficient as corroborating evidence tending to connect the defendant with the offense." It was also said in *State v. Baldoser,* 88 Iowa, 55, a case in which the defendant was accused of the crime of seduction,—that "it is clearly established by the testimony, other than that of the prosecutrix, that the parties were suitors; and, under repeated decisions of this court, the facts established are sufficient in corroboration." It will be observed that in each of the two cases last cited the jury had found the defendant guilty; and what was said by this court had reference to the sufficiency of the evidence to sustain the verdict, and was not intended to hold that proof that the person accused of the seduction was a suitor of the prosecutrix, and that they acted as lovers, would in all cases be sufficient corroboration of the testimony of the prosecutrix that she had been seduced by him. On the contrary, this court has always held that the sufficiency of the corroboration is a question for the jury to decide. Thus in *Andre v. State,* 5 Iowa, 389, 399,— a case in which the defendant was charged with the crime of seduction,—it was said: "Acts showing intimacy, opportunity, and inducement  *  *  *  certainly tend in some degree to corroborate the witness.  *  *  *  The weight and value of such evidence is for the jury to consider, and it is for them to draw their conclusions accordingly." In *State v. Bell,* 79 Iowa, 117,—a seduction case,—it was said, "The fact that the parties kept company together, and acted as lovers usually do, and other circumstances, may be sufficient corroboration." Of the corroboration required, it was said in *State v. Lauderbeck,* 96 Iowa, 258: "It may be in the form of admissions made by the defendant, or it may be to the effect that defendant was a suitor of the prosecutrix, and that the parties kept company together, and acted towards each other as lovers usually do. Some, if not all, of these matters were testified to in this case by others than

the prosecutrix, and it was for the jury to determine whether the prosecutrix was sufficiently corroborated. It was said in *State v. Smith,* 84 Iowa, 522, of corroborative evidence, "The sufficiency of the testimony as a whole to so connect him [the defendant] would be a question for the jury." See, also *State v. Wells,* 48 Iowa, 671; *State v. Gunagy,* 84 Iowa, 177; *State v. Carnagy,* 106 Iowa, 483. The meaning intended to be conveyed by the portion of the fourteenth paragraph of the charge in question is not clear. It states that if the jury found that, if the defendant visited the prosecutrix as a suitor, that fact, "while by no means conclusive, will be sufficiently corroborative of her evidence tending to connect the defendant with the offense." It may be that the meaning intended to be conveyed was that the fact referred to, although not conclusive that the defendant was connected with the alleged seduction, tended to connect him with it, and might be regarded by the jury as sufficient to show the connection necessary to a conviction; but we do not think that was the most natural and obvious meaning of the language used. On the contrary, we are of the opinion, that the jury might well have understood from it that, if the defendant visited the prosecutrix as a suitor, proof of the fact alone was sufficient corroboration of her testimony. While that may have been true, it was for the jury, and not for the court, to determine the fact; and the district court erred in giving the part of the charge which we have discussed. Other questions presented in argument are not likely to arise on another trial. For the error pointed out, the judgment of the district court is reversed, and the cause remanded for a new trial.—REVERSED.

GRANGER, J., not sitting.