STATE OF IOWA v. JOSEPH BURNS, Appellant.

SEDUCTION—OPPORTUNITY—CORROBORATION. Mere proof of opportunity for seduction is not enough to corroborate the testimony of the prosecuting witness.

SAME: *Evidence.* On a trial of a prosecution for seduction the prosecuting witness, a deaf mute, testified that she had been seduced by defendant, under promise of marriage, and that on a subsequent occasion, defendant wrote on paper, in substance, that if she would take him to her room he would marry her. Another witness testified to finding in prosecutrix's room, the next day, a paper such as described. *Held,* that the paper furnished no independent evidence of what occurred on the first occasion, and was not corroborrative of prosecutrix's testimony as to her seduction.

*Appeal from Dubuque District Court.*—HON. J. L. HUSTED, Judge.

TUESDAY, APRIL 10, 1900.

THE defendant appeals from a judgment convicting him of the crime of seduction.—*Reversed.*

*Horatio B. Smith* for appellant.

*Milton Remley* and *Henry Michel* for the State.

LADD, J.—The prosecuting witness is a deaf-mute twenty-four years old, and the defendant a youth of twenty-one summers. According to her story, she had met Burns some five years prior to her alleged seduction, and in June, 1896. In December of that year he was twice in the restaurant where she was working, and on one of these occasions she claims he asked her if he could go with her to her room, and said that if she would let him have what he wanted he would marry her; that she consented, and they had sexual intercourse. Prior to that time he had never waited on her, nor was evidence offered tending to corroborate her account of what occurred. True, a couple of witnesses testified to seeing him in the restaurant talking with her, but proof of opportunity alone is not enough. But she testified that he came again February 12, 1897, when he wrote on a paper, in substance, that if she would take him to her room he would marry her, and that they again went to the room and had intercourse. Another witness testified to hearing some one in the room whom she did not know, and this piece of paper was there found by her the next day. It certainly tended to corrobrate prosecutrix's testimony of the occurrences of February 12, 1897. But nothing on this paper referred to the happening in December. It is argued that, if such a promise was required to induce her to submit in February, it follows, a fortiori, that it must have been previously exacted. As well say that, because of its omission before, it was required in February. It furnishes no independent evidence of what was done in December, when she claims to have been seduced, and her testimony is wholly without corroboration. For this reason the judgment is reversed, and the cause remanded.— REVERSED.

GRANGER, C. J., not sitting.