THE STATE OF IOWA v. WILLIAM KISSOCK, Appellant.

**Seduction;** CORROBORATION. Where defendant had not known the prosecutrix prior to the night of the alleged seduction, and never met her but twice afterwards, evidence that he accompanied her to her home from a dance on that night, a distance of six or seven miles, and stated to others before leaving that he "would take the girl home and get his work in then," was not sufficient corroboration to support an indictment for seduction.

SAME. In a prosecution for seduction, the birth of a child to the prosecutrix, as a result of the alleged illicit intercourse, is not corroborative evidence of the alleged seduction.

*Sufficiency—Jury question.* The sufficiency of the corroborative evidence offered in a prosecution for seduction is a question for the jury.

INSTRUCTIONS: *Applicability to evidence.* Where defendant had not known the prosecutrix prior to the night of the alleged seduction, and there was no evidence that he was frequently with her, or had made any admissions as to the alleged paternity of her child, an instruction that the corroboration required by law may be shown in a variety of ways, such as that the defendant was keeping company with the prosecutrix or was frequently with her, or that a child was born, or by admissions of defendant tending to establish the alleged intimacy or paternity of the child, was erroneous, as not supported by the evidence.

**Exclusion of Witness:** VIOLATING ORDER OF EXCLUSION: *Right to recall witness.* Where, under order of court, witnesses were excluded from the court room, the fact that, after examination, a witness remained in the room did not justify denial of permission to recall him.

*Appeal from Jasper District Court.*—HON. JOHN T. SCOTT, Judge.

TUESDAY, OCTOBER 2, 1900.

INDICTMENT for seduction.  Verdict and judgment of guilty, and defendant appeals.—*Reversed.*

*Harrah & Myers* for appellant.

*Milton Remley,* Attorney General, and *Chas. A. Van Vleck,* Assistant Attorney General, for the State.

DEEMER, J.—The prosecutrix claims that she met the defendant at a dance on or about October 14, 1898, pursuant to his request, and that he took her from the place where the dance was held to her own home, which was six or seven miles distant; that, although she had never been in his company before, defendant not only proposed marriage to her within a short time after they left the dance, but that he unlawfully seduced her while on the road home.  It is not claimed that defendant kept company with the prosecutrix prior to this time, and the evidence tends to show that he was with her but twice after that.  On July 10, 1899, prosecutrix gave birth to a child, which she claims is the result of her illicit intercourse with defendant.  Defendant denies the intercourse and the paternity of the child.  If there is anything well settled, it is that mere proof of acquaintance and opportunity does not constitute the corroboration required in this class of cases.  Defendant was not the suitor of the prosecutrix.  He had never been with her prior to the night of the alleged seduction.  He was with her, if at all, but twice after that.  There is, however, some evidence to the effect that defendant said while at the dance, and before leaving to take the prosecutrix home, that "he would take the girl home and

get his work in then." The court gave the jury the following instruction bearing on the question of corroboration: "This corroboration, however, may be shown in a variety of ways; such as that defendant was keeping her company; that he was frequently with her; that a child was born, the result of the illicit intercourse charged; by admissions of the defendant tending to establish the alleged intimacy, as well as the paternity of the child, and connecting the defendant with such paternity, or in any other way which satisfies the mind that defendant is guilty as charged. This evidence, however, must be given by other witnesses than the prosecutrix herself, except to the acts of sexual intercourse and the seductive arts used and the promises made use of by the defendant. If, therefore, you find that corroborating evidence has been offered by the state, and is of the character indicated, and tends to connect the defendant with the commission of the crime charged, then the corroboration is sufficient." This instruction is manifestly erroneous. There is no evidence that defendant was keeping company with prosecutrix prior to the alleged seduction; no evidence that he was frequently with her; no evidence of admissions of defendant of the alleged intimacy or of the paternity of the child. Moreover, we have recently held, following an early case, that birth of a child as a result of illicit intercourse is not corroborative evidence of the alleged seduction. *State v. McGinn,* 109 Iowa, 675. Again, it was for the jury to determine whether the corroborative evidence was sufficient. *State v. Bess,* 109 Iowa, 675, and cases cited.

II. Under rule of court the witnesses were excluded from the court room during the trial of the case. One Holdsworth was called as a witness for defendant, and, after being examined and cross-examined, was excused. After leaving the witness stand he remained in the court room during the further progress of the trial. Defendant recalled the witness for further examination. The

court on its own motion refused to permit his evidence to be received because he had remained in the court room after being excused. In this there was error. Under certain circumstances the witness might have been punished for contempt, but the mere fact that he remained in the room contrary to the previous order did not justify the court in denying permission to recall and re-examine the witness.

III.    There is no evidence that the parties kept company before the evening on which the alleged seduction occurred, and, at most, defendant was with the prosecutrix but twice after that. All that can be said of the so-called "corroborating evidence" is that it showed opportunity for defendant to commit the crime. That this is not enough is held in numerous cases. *State v. Painter,* 50 Iowa, 317; *State v. Tulley,* 18 Iowa, 89; *State v. Burns,* 110 Iowa, 745. For the errors pointed out the judgment is REVERSED.

GRANGER, C. J., not sitting.