### STATE OF IOWA v. BERT PELL, Appellant.

**Constitutional law:** STATUTES: DRAWING OF JURIES. Ordinarily a
1  general statute relating solely to a matter of procedure is not unconstitutional, as applied to the prosecution of a crime already committed, unless it renders it more difficult for an accused to defend himself; and the act of the 32nd General Assembly, relating to the drawing of jurors from a list furnished by the board of supervisors, whenever a lawfully constituted jury could not be made up from the list returned by the election officers was general, having relation to future as well as existing irregularities, and purely a statute of procedure; so that defendant charged with a crime already committed, having no vested right to an investigation by any particular grand jury and therefore not deprived by the law of any right he otherwise would have, cannot object to the same as an *ex post facto* law.

**Indictment:** OBJECTION TO GRAND JURY. An objection to an indictment
2  on the ground that the board of supervisors, under the jury act of the 32nd General Assembly, placed upon the jury lists the names of persons not appearing on the poll books of the preceding year, when unsupported by affidavit and no attempt to secure proof thereof was made, was properly overruled; and without a showing that affidavits of the supervisors could not be obtained to support the objection, the court was not called upon to suspend proceedings until the supervisors could be called in for examination.

**Grand jury lists:** EXCLUSION OF EXEMPT PERSONS. An objection to an
3  indictment because of the erroneous exclusion from consideration in making up the grand jury list, of persons competent to serve but exempt from service if they so elected, is not tenable,

where the list as made was composed of competent jurors and no prejudice to defendant arose from an exclusion of such persons.

**Constitutional law:** SELECTION OF GRAND JURORS. The statute providing that not more than one person shall be drawn as a grand juror from any civil township is not unconstitutional, because ignoring township representation in proportion to population; it is sufficient if the jury is selected according to the law from the body of the county.

**Jurors:** GROUND OF CHALLENGE. The statute does not make a challenge to the entire panel of trial jurors a ground of challenge to any individual member thereof; but if such ground of objection were well taken the facts upon which based would have to be shown to make it available.

**Continuance:** DISCRETION. A continuance should only be granted upon a showing that substantial justice will be more nearly done, and is largely a matter of discretion which will not be interfered with on appeal, unless an abuse of such discretion is manifest and injustice has resulted.

**Trial:** SEQUESTRATION OF WITNESSES: DISCRETION OF COURT. There is no statutory right to a sequestration of witnesses during a criminal trial, but in the interest of justice courts have generally as a matter of discretion granted a good faith request that such an order be made, not however including a prosecuting witness or those having a direct personal interest in the trial; so that a defendant accused of murder requesting sequestration cannot complain of an order excepting therefrom the widow and daughter of deceased.

**Same:** VIOLATION OF ORDER. Even though a witness may have violated an order for sequestration he is not rendered incompetent thereby, although he may be subject to punishment for contempt.

**Murder:** EVIDENCE OF CARE AFFORDED DECEASED. Where death follows an injury without other independent intervening cause calculated to produce death if deceased had not been injured by the wrongful act of the accused, proof that his life might have been saved or prolonged by proper treatment is not admissible.

**Appeal:** OBJECTIONS NOT ARGUED. The appellate court will assume that objections to rulings upon evidence, not argued on appeal by counsel employed by the county to defend one charged with crime, are not of sufficient importance to require consideration.

**Same:** CRITICISM OF TRIAL COURT. A defendant in a criminal case is entitled to fair and unprejudicial treatment by the trial court,

and when unfair or prejudiced counsel may properly so characterize it in argument: but there must be a reasonable foundation for such criticism to justify it.

**Murder:** INSTRUCTION: DEFINITION OF INTOXICATION.   A direction of the jury's attention to the question of whether defendant was under the influence of intoxicating liquor at the time of the commission of the crime is a sufficient definition of intoxication.

**Same:** INTOXICATION NOT A DEFENSE.   Intoxication is not a defense to crime on a prosecution for murder and the jury should not be instructed that it is an issue in the case, but it should be considered as other facts bearing on the question of defendant's guilt.

**Same:** VERDICT: EVIDENCE.   Where there is substantial evidence to support a verdict of guilty which is not overcome by defendant's evidence, it will stand, notwithstanding unexplained inconsistencies in the evidence relative to collateral matter.

**New trial:** NEWLY DISCOVERED EVIDENCE.   Newly discovered evidence is not ground for a motion for new trial in a criminal case, although in the exercise of the courts discretion it may be granted in furtherance of justice; but where there has not been sufficient diligence in procuring the evidence, and no showing to justify a belief that it would have changed the verdict, but tends simply to explain a conflict in the evidence on an immaterial matter, the courts ruling in denying a new trial will not be disturbed on appeal.

**Murder:** EXTENT OF PUNISHMENT.   Where defendant made a deliberate assault upon deceased and without immediate provocation struck him with a heavy instrument on the head causing his death, a sentence of twenty five years was not excessive.

*Appeal from Marshall District Court.*—HON. C. B. BRADSHAW, Judge.

WEDNESDAY, JANUARY 13, 1909.

THE defendant was indicted and put on trial for murder in the first degree, but the court directed the jury that under the evidence he could not be convicted of a higher offense than murder in the second degree. The jury found him guilty of murder in that degree, and he

was sentenced to imprisonment in the penitentiary for a term of twenty-five years. From this sentence he appeals. —*Affirmed.*

*Theo. F. Bradford,* for appellant.

*H. W. Byers,* Attorney General, and *Chas. W. Lyon,* Assistant Attorney General, for the State.

McCLAIN, J.—I. The panel of the grand jury from which were drawn the names of the grand jurors finding the indictment against defendant was selected from a grand jury list made up by the board of supervisors under direction of the court, in accordance with the provisions of Acts 32d General Assembly, chapter 12 (Code Supp. 1907, sections 337a-337d). At various stages of the proceeding counsel for appellant raised objections to the validity of the drawing of this grand jury, and to the indictment found by it on account of the method of selecting the panel, and we first give attention briefly to these various grounds of objection.

1. CONSTITUTIONAL LAW: statutes: drawing of juries.

The statute above referred to was passed as an emergency measure to avoid difficulties which had arisen in several counties of the state by reason of the action of the court in holding the grand and petit jury lists not to have been returned by the judges of election, as provided in Code, section 337. The provisions of the act are, however, general in their nature, for they are made applicable, not only to difficulties already existing, but to those arising in the future from irregularities in the returning of such lists, or other contingencies rendering it impracticable to strictly follow the provisions of the law as it previously stood. There is no merit, therefore, in the contention that the statute is unconstitutional as applied to one to be charged with a crime already committed, for

the whole matter is one of procedure, and in general a statute regulating procedure is not unconstitutional as applied to the prosecution for a crime already committed, unless it renders it more difficult for the accused to defend himself against the charge. There is not the slightest suggestion that the statute deprived defendant of any advantage which he would otherwise have had. It is not to be assumed that, because the grand jury list was set aside on account of irregularities, there would have been no lawful grand jury to have investigated the charge against defendant until after the statute of limitations for the offense charged had expired. Indeed, as the offense charged was murder, no limitation would have barred a finding of an indictment against defendant. The statute related merely to the method of securing a grand jury which might find a lawful indictment, and it was therefore not open to objection as being *ex post facto*. It is wholly immaterial for present purposes to discuss the question whether the court had properly set aside the grand jury list furnished by the judges of election, and directed the board of supervisors to prepare another grand jury list under the statutory provisions. The situation contemplated by the statute had arisen, and the statute itself was therefore applicable. Defendant had no vested right in any particular grand jury list, and can not complain of an indictment found by a grand jury whose members were chosen from a list prepared as provided by law.

It is said, however, that the board of supervisors did not comply with the statute in that its selection of names. for the grand jury list was not limited to "the qualified electors from the several precincts, as shown by the poll lists of the last preceding general election," as specified in section 4 of the act.

2. INDICTMENT: objection to grand jury.

But no competent showing of objection to the grand jury on this ground was made. It is true that, in additional objections to the grand jury panel interposed for defend-

ant, it is recited that the board of supervisors placed upon the list the names of twenty persons not appearing on the poll lists of the various precincts for the preceding year, but there was not the slightest effort made to substantiate this allegation. No affidavits supporting the allegation that names placed by the board of supervisors on the grand jury list were not found on the poll lists for the preceding year were offered, nor was there any showing whatever of an effort to secure such affidavits, or to secure witnesses to prove the fact. No doubt, if the poll lists themselves had been offered in evidence to support the allegation, they might have been received and considered by the court, but no poll lists were offered. With reference to another objection, to be hereafter considered, the court was asked to summon the members of the board of supervisors to appear and testify as to the method of selecting such list; but, without some showing that affidavits of the supervisors could not have been procured, it was not the duty of the court to suspend proceedings indefinitely until the members of the board might be brought before the court for examination. If the allegation made in the objection that certain specified names on the grand jury list were not found on the poll lists was based on any investigation, the person making the investigation could easily have supported it by an affidavit, but no such affidavit was offered. So far as the present objection, then, is concerned, we have nothing but the unsupported statement in defendant's motion that certain names found on the grand jury list selected by the board of supervisors did not appear on the poll lists of the various precincts for the preceding year; and the court was under no obligation to sustain a challenge to the panel on this naked and unsupported allegation. Defendant was afforded every opportunity contemplated by the statute for supporting his motion to set aside the panel of the grand jury on account of irregularity or illegality in the selection, drawing, or summoning of the

members of the grand jury; and, having made no showing of such irregularity or illegality, his challenge to the panel was properly overruled.

Another ground of challenge was that about three hundred names of duly qualified electors of the county were not considered by the board of supervisors in making

**3. GRAND JURY LISTS: exclusion of exempt persons.** up the grand jury list, for the insufficient reason that the persons whose names were not thus considered were persons who might under the provisions of Code, section 333, have claimed exemption from grand jury service. It may be true that such persons would have been competent grand jurors if selected, and might properly have served had they not seen fit to ask exemption from such service; but, if the list was in fact made up from persons competent to serve as grand jurors, and there was no showing of prejudice to defendant in the exclusion of any particular class of persons, the defendant's objection should not be entertained. It is surely not competent to defeat the indictment by showing that some particular persons, whose names might properly have been considered in making up the grand jury list, were in fact not taken into account by the board in making such list. So long as no names are placed on the grand jury list which could not have been properly included, and no classes of persons are excluded to defendant's prejudice, there is at least a substantial compliance with the statute, and this is all that can be required. *State v. Carney,* 20 Iowa, 82; *State v. Brandt,* 41 Iowa, 593; *State v. Edgerton,* 100 Iowa, 63.

The general statute relating to the selection of the grand jury list provides that not more than one person shall be drawn as grand juror from any civil township, except

**4. CONSTITUTIONAL LAW: selection of grand jurors.** when there are less than twelve civil townships in the county. Code, section 339. It is contended that this provision renders the entire statute relating to the formation of grand juries

unconstitutional, for the reason that the townships are not represented on the grand jury in proportion to their population. This objection seems to us, on the face of it, to be so manifestly absurd that it is not entitled to serious consideration; and, as counsel for defendant in his elaborate argument cites no authority whatever in support of his contention, we decline to enter upon this field of speculative discussion. The statutory purpose in requiring the grand jurors to be selected from different portions of the county was certainly not, as assumed by counsel, to give to one charged with crime the opportunity of having one or more of the grand jurors drawn from his particular locality, in order that his general character and standing in the community might be taken into account in determining whether an indictment should be returned against him. If the grand jurors are selected in accordance with law from the body of the county, defendant has no constitutional right to complain.

II. Similar objections to those already considered with reference to the grand jury list are made in argument, as against the selection of the list of names from which the trial jurors were drawn, but here 5. JURORS: ground of challenge. again there was an entire failure on the part of counsel for defendant to make any showing whatever in support of his objections, and they were therefore properly overruled. When the jurors were examined as to their qualifications, each was asked whether he was a qualified elector, and objection was interposed that he was not asked whether he had voted at the previous election; that is, the election for which the poll lists were made, from which, as contended for defendant, the names for the jury list should have been selected by the board of supervisors. As now appears from counsel's argument, his purpose was to thus raise, as to each juror, the same question which had been raised as to the panel. In the first place, an objection to the panel in general is

not made a ground of challenge as to each individual juror (Code, section 5360); but, even if the ground of objection was well taken, the facts to sustain it were not made to appear. Counsel for defendant seems to have carefully refrained from asking any of these jurors whether as a matter of fact they had voted at the previous election. There was no showing whatever with reference to that fact. The question was not one going to the competency of the juror as such; and, if there was any merit whatever in the objection, the facts on which it was based should have been in some way brought to the knowledge of the court otherwise than by mere general objections unsupported by showing of any kind.

III. A continuance was asked on the ground of absence of material witnesses for the defendant, but it was properly overruled. The showing was not such as

6. CONTINUANCE: discretion.

to require the court to believe that efforts constituting due diligence to obtain the specified witnesses had been made, or that there was any reasonable ground of belief that the witnesses, or testimony of such witnesses, could be procured for the next term. The whole matter of granting a continuance rests largely in the discretion of the trial court, and it should only be granted for a cause which satisfies the court that substantial justice will be more nearly obtained. Code, section 3663. This court will not interfere with the action of the trial court in this respect, unless it clearly appears that such discretion has been abused and an injustice has been done. *State v. Wilson,* 124 Iowa, 264; *State v. Reid,* 20 Iowa, 413; *State v. Burns,* 124 Iowa, 207.

IV. At the beginning of the trial defendant requested that the court order a separation of the witnesses

7. TRIAL: sequestration of witnesses: discretion of court.

and their exclusion from the courtroom during the progress of the trial, save as they were called to testify. This request was granted, with the exception that the wife and daughter of

the person whom defendant was charged with having murdered were allowed to remain. Counsel for defendant objected to this exception, and assigns the action of the court in this respect as error. Our attention is not called to any statutory provision in this State entitling the defendant on trial to sequestration of witnesses as a matter of right. Courts have generally recognized the propriety of granting such a rule when asked if it appears that the request is in good faith, and the granting of the order will be likely to prevent witnesses from combining to promote perjury in manufacturing a connected and consistent account of the transaction to be investigated. *Hubbell v. Ream,* 31 Iowa, 289; 1 Greenleaf, Evidence (16th Ed.) section 432. But the party demanding sequestration can not object to the omission of certain persons from the rule, where there is any good reason for making such exception. It is generally regarded as proper to omit from the rule a prospective witness whose assistance in the management of the case is, under the circumstances, indispensable. 3 Wigmore, Evidence, section 1841; 1 Greenleaf, Evidence (16th Ed.) section 432b. It is clearly therefore, within the court's discretion to allow the widow and daughter of the deceased to remain in the courtroom for the purpose of assisting the prosecuting attorney in conducting the prosecution by calling to his attention matters about which the witnesses should be examined or cross-examined. We have held that a party to an action should be excepted from the rule. *Jemmison v. Gray,* 29 Iowa, 539. And certainly it is within the court's discretion to except the persons who have the most direct personal interest in securing the conviction of a criminal.

When the brother of the deceased was called as a witness, defendant objected to his being examined, on the ground that, in violation of the rule, he had been in the courtroom during the trial. The court withheld a ruling on this objection until the fact should be made to appear;

and, as it was not subsequently shown that the witness had violated the rule, no error is established on the record. Even if the rule had been violated, the witness would not have been incompetent to testify, although he might have been subject to punishment for contempt. *State v. Kissock,* 111 Iowa, 690.

8. SAME: violation of order.

V.  One only of the many alleged errors in the admission or rejection of evidence need be specially considered. Complaint is made that the defendant was not allowed to show lack of proper attention to the deceased after his injury, and before death; the object being to prove that death might have resulted from some other cause than the injury inflicted by defendant. No authorities are cited to support defendant's contention that other causes hastening the death of the injured party may be shown in such cases, and it is not therefore necessary to do more than refer to the well-settled rule that, where death follows an injury without other independent intervening cause calculated to produce the death of the injured person had he not been injured by the wrongful act of accused, proof of lack of proper treatment which might have saved or prolonged his life can not be shown.

9. MURDER: evidence of care afforded deceased.

There are many other assignments of error in the admission or rejection of evidence, but counsel for defendant has apparently not thought them of sufficient importance to be noticed specifically in his argument. He does indeed urge the court to examine the entire record with reference to each, and see whether the error is not well assigned. When counsel has been employed at the expense of the county to present the case of a defendant on appeal to this court, we should be permitted to assume that he has in his argument urged specifically every alleged error which he deems it proper for the court to notice; and we are

10. APPEAL: objections not argued.

satisfied that counsel in this case, with abundance of zeal, has fully amplified in his argument every matter which he thinks would justify an argument to this court.

We have, however, gone through the record, and, without particularizing, may say that none of the alleged errors which are not specifically argued are such as to entitle them to any consideration in defendant's behalf. The purpose of defendant's counsel in assigning many of these rulings as error has apparently been to impress upon the court the suggestion, which he makes in almost every paragraph of his argument, that the trial judge was unfair in his rulings as against defendant, and that therefore defendant has not been accorded an unprejudiced hearing. Having examined carefully the record in every respect, we are satisfied that these strictures on the action of the trial judge are entirely without foundation, and we wish to say with some emphasis that, while the defendant in a criminal case is entitled to every consideration at the hands of a trial judge, and the action of the judge, if in any way unfair or prejudiced, may properly be so characterized in argument, yet even in a criminal case counsel should not, without reasonable foundation, impugn the fairness and justness of the action of the trial judge in the conduct of the case. We can see not the slightest foundation for criticism of the trial judge in this respect, and such criticism should not have been made by defendant's counsel.

11. SAME: criticism of trial court.

VI. There are two complaints with reference to the giving of instructions. First, it is said that, although the court properly told the jury to consider evidence that defendant was intoxicated in determining whether he was so far under the influence of intoxicating liquors as to deprive him of the power to deliberate and form a guilty intent, nevertheless the court erred in not giving an instruction asked by de-

12. MURDER: instruction: definition of intoxication.

fendant specifically defining the term "intoxication." When the court directed the attention of the jury to the question whether the defendant was under the influence of intoxicating liquors, he sufficiently defined intoxication for all practical purposes, and the jury could not have misunderstood, in their practical knowledge of human affairs, what was meant. In view of the record no further definition was necessary, and the court was not called upon to elaborate, as asked by counsel for defendant, by saying that intoxication is an impairment of the capacity to think and act correctly and efficiently. Such a general description could have been of no advantage to the jury.

In the second place, it is complained that in stating to the jury the issues the court did not tell them that the intoxication of defendant was an issue in the case.

13. SAME: intoxication not a defense.
Evidently intoxication was not an issue, but a fact bearing with other facts on defendant's guilt of the crime charged. It would have been wholly unjustifiable for the court to say that defendant had raised an issue of intoxication, on which, if the defendant presented evidence raising a reasonable doubt in his favor, there should be a verdict of acquittal. It is so well settled as to be beyond the scope of legitimate discussion that intoxication is not a defense, and is to be considered, if at all, in defendant's favor only as bearing upon the question of intent or ability to do the criminal act charged. It is to be noticed in this connection that the court withdrew from the consideration of the jury the charge of murder in the first degree, and submitted only that of murder in the second degree and manslaughter, and directed the jury to give all the consideration to the evidence of intoxication which the jury could properly give to it where the willfulness, deliberation, and premeditation involved in the first degree of murder are not essential to conviction. If the instruction is in any way subject to criticism, it is for allowing to the jury

too great a latitude in the consideration of intoxication as an excuse for inflicting violence resulting in death. But as we have not set out the instruction in full, it will not be necessary to point out specifically the basis for this criticism, if any might be found.

VII.  We need not set out the record to show want of merit in the general contention that the verdict is inconsistent with the evidence.  By their verdict the jurors found the defendant to be guilty of murder in the second degree.  If there is any substantial evidence in support of this verdict which is not conclusively overcome by the evidence for the defendant, then the verdict should stand.  Mere inconsistencies in the evidence as to collateral matters, even though unexplained, would not require an acquittal.  It is sufficient to say in this case that an examination of the record satisfies us that there is clear, strong and convincing evidence of defendant's guilt, and the verdict was wholly warranted by the evidence.

14. SAME: verdict: evidence.

VIII.  By motion for a new trial the various alleged errors already referred to were called to the attention of the trial court, but its ruling denying relief from the verdict need not be further commented upon.  As to the ground of newly discovered evidence presented by the motion for new trial, it is enough to say that not sufficient diligence in the effort to procure such evidence was shown, and that there is nothing in the showing to justify the belief that, had the evidence been produced, any different verdict would have been rendered.  Much of the evidence which defendant proposed to procure, if a new trial should be granted, related to the credibility of two witnesses for the prosecution, who testified on rebuttal to a circumstance having no connection with the crime itself, but tending to explain a conflict between the evidence for the prosecution, and that for the defendant relating to a wholly immaterial matter.

15. NEW TRIAL: newly discovered evidence.

In general a new trial will not be granted on account of newly discovered evidence which tends only to impeach the credibility of the testimony of witnesses on the trial. *Wise v. Bosley,* 32 Iowa, 34; *Dunlavey v. Watson,* 38 Iowa, 398; *Morrow v. Chicago, R. I. & P. R. Co.,* 61 Iowa, 487. Moreover, in a criminal case newly discovered evidence is not a ground for a motion for new trial, although a new trial may undoubtedly be granted on that ground in a proper case, in the exercise of the court's discretion, in the interest of justice. *State v. Reinheimer,* 109 Iowa, 624; *State v. Baughman,* 111 Iowa, 71; *State v. Seevers,* 108 Iowa, 738; *State v. Leuth,* 128 Iowa, 189. As already indicated, we find nothing in the showing with regard to newly discovered evidence justifying the belief that a different result would have been reached had the evidence been presented on this trial, and we therefore have no justification for interfering with the exercise of discretion by the trial court in refusing a new trial on that ground.

The sentence of twenty-five years' imprisonment is said to be excessive, but under the record we can not say that it was unwarranted, if the witnesses for the prosecution are to be believed to such an extent as to justify conviction. The evidence tended to show that defendant committed a deliberate and dastardly assault upon the deceased, and without immediate provocation struck him on the side of the head with some heavy object held in his hand, which blow produced a fracture of the skull. The preceding drunken row during which blows had been exchanged, was no justification or excuse for the defendant, after parting from the deceased on apparently good terms, and after deceased had left the place of the altercation, in pursuing the deceased and inflicting upon him the blow which caused his death.

16. MURDER: extent of punishment.

Finding no error in the record, the judgment is *affirmed.*