STATE OF IOWA v. S. E. CARTER AND GEORGE H. MARTS, Appellants.

**Criminal law:** GRAND JURORS: SELECTION: STATUTES. The Act of the Thirty-Second General Assembly providing, that whenever it has been found or determined by the district court of any county that a legally constituted grand jury cannot be obtained from the list of names returned, the court may order the board of supervisors to prepare new lists, should be so construed as to carry out the intent of the legislature in endeavoring to meet existing conditions, and a technical meaning should not therefore be given the words "found and determined." And if it appears that no valid objection exists to the new jury which returned the indictment except that the first jury was errone-

ously discharged, no substantial right of defendant was violated, for he had no legal right to have his case investigated by any particular jury.

**Grand juries:** SELECTION: NONPREJUDICIAL IRREGULARITIES. Mere irregularity in drawing a grand jury will not invalidate an indictment unless some prejudice to defendant results therefrom; as where the lists of grand and petit juries and talesman were not separately certified as provided by statute, until after they were returned to the auditor and recorded.

**Trial:** EXAMINATION OF EXHIBITS BY DEFENDANT. The defendant in a criminal action has no right to the examination of exhibits offered by the State at any particular place; and if he is given every opportunity to examine them, he cannot complain that he was not permitted to remove them from the custody of the court.

**Exclusion of evidence:** PREJUDICE. Although the answers of a witness if permitted might have some bearing on his interest in the prosecution, still if his interest was as apparent at the time as it would have been had the questions been answered, there was no prejudice in rejecting them.

**Exclusion of conceded evidence.** Where a defendant admits that one of the State's witnesses would give certain testimony if present, and the same is admitted, he can not ask that it be disregarded because an agreement under which it was admitted had not been complied with, in the absence of proof of the agreement.

**Evidence:** CONVERSATIONS. Where it is only material to show that a conversation on a certain subject took place, an exclusion of the details of the conversation is not erroneous.

*Appeal from Polk District Court.*—HON. HUGH BRENNAN, Judge.

SATURDAY, JUNE 5, 1909.

REHEARING DENIED THURSDAY, OCTOBER 28, 1909.

THE defendants were convicted of the crime of conspiracy, and appeal.—*Affirmed.*

*Spurrier & Parsons,* for appellants.

H. W. Byers, Attorney-General, and Chas. W. Lyon, Assistant Attorney-General, for the State.

SHERWIN, J.—The defendants were indicted in September, 1907, for a crime charged to have been committed in July, 1907. They filed a motion to quash the indictment, which motion was based on the ground that the grand jury returning the indictment was not drawn, summoned, impaneled, or sworn as provided by law. The motion was overruled, and the correctness of the ruling is before us for review.

The facts upon which the motion was based are substantially as follows: In 1906 lists of names of grand jurors for 1907 were returned to the auditor of the county of Polk under the provisions of section 337 of the Code. At the January, 1907, term of the district court of said county, the Des Moines Civic League, through its attorneys, filed in the office of the clerk of the district court a paper denominated a motion, in which it was alleged that the grand and petit juries of the county for the year 1907 had been illegally selected and drawn in certain particulars named therein, and advising the court that, if found desirable, it might investigate and determine the matters complained of. Thereafter one of the judges of the district court, with the full concurrence of his associate judges, found that the lists of persons from which the grand and petit juries were to be drawn for the year 1907 were illegally selected and set them aside. The Legislature convened soon thereafter, and its attention was directed to the situation that had been found to exist in Polk County and other counties of the State, and, to meet the emergency and to provide the means for securing grand and trial juries under the like and similar circumstances, it enacted chapter twelve, of the Acts of the Thirty-second General Assembly, which, so far as is material to our present inquiry, is as follows:

Wherever it has been or hereafter shall be found or determined by the district court in any county that, for any cause, the lawfully constituted grand jury or a like petit jury has not or cannot be obtained by drawing from the names returned by the election officers to the county auditor to serve as jurors, or that lawfully qualified talesmen cannot be selected by drawing from the list of names, or that the term for which such lists were drawn has expired, the said court may order the board of supervisors of said county to prepare lists of names of persons having the qualifications required by law for grand jurors, petit jurors and talesmen. The court ordering shall fix the time of meeting of said board of supervisors therefor and shall prescribe the time and manner of notice thereof to be given the several members of such board. Said notice may be served by any person and proof of service shall be the same as that of original notice.

The law became effective by publication on the 22d day of March, 1907, and immediately thereafter new lists of jurors were prepared and returned by the board of supervisors, as provided in the act. The grand jury which found the indictment against these defendants was drawn from the list so prepared by the board of supervisors. The appellants contend that the lists prepared and returned by the judges of election under the provisions of Code, section 337, were illegally set aside, that the district court was without jurisdiction to make the order setting them aside, and that because of such illegal action the grand jury drawn after the passage of chapter twelve, Acts 32d General Assembly, was illegally drawn.

The purpose of the Legislature in enacting chapter twelve was to meet the exact situation existing in Polk County, as well as in other counties of the State. This was well known to the courts and to law-yers generally. Such being the case, the enactment should be so construed as to carry out its plain intent without giving a technical meaning

1. CRIMINAL LAW: grand jurors: selection: statutes.

to the words "determined or found." *State v. Pell,* 140
Iowa, 655. In passing the act the Legislature did not
attempt to determine whether the lists in Polk and other
counties had been legally set aside. The conditions ex-
isted, and the act was intended to afford means for se-
curing new lists without delay. Nor need we determine
whether the original lists were legally set aside. If it
appears from the entire record that no valid objection
to the grand jury which, returned the indictment can be
made, except the erroneous discharge of the first, no sub-
stantial right of the defendants has been invaded, and
there should not be a reversal. Code, section 5462. In
*State v. Hughes,* 58 Iowa, 165, there was a similar mo-
tion to quash the indictment based upon substantially the
same state of facts as appears herein (excepting the effect
of chapter twelve, 32d General Assembly), and it was
held that the motion was properly overruled. See, also,
*State v. Hart,* 67 Iowa, 142. The defendants had no
constitutional or statutory right to have their case acted
upon by a particular grand jury, and, if the one return-
ing the indictment was legally drawn and selected, they
have no ground for complaint. *State v. Pell, supra.*

We suggest, also, without determining the question,
that the district court has the inherent power to set aside
a list or panel of jurors on its own motion, whenever
it shall be made to appear that a legal grand or trial
jury cannot be drawn therefrom. As sustaining this sug-
gestion, see: 20 Cyc. 1331 and cases cited; 24 Cyc. 312
and cases cited; *Keady v. People,* 32 Colo. 57 (74 Pac.
892, 66 L. R. A. 353); *Cochran v. U. S.,* 14 Okl. 108 (76
Pac. 672); *People v. Barker,* 60 Mich. 277 (27 N. W. 539,
1 Am. St. Rep. 501); *O'Neil v. Iron Co.,* 67 Mich. 560
(35 N. W. 162). In some of the States it has been held
that a challenge may be made by a wholly disinterested
person as *amicus curiae. Com. v. Smith,* 9 Mass. 107;

*People v. Jewett*, 3 Wend. (N. Y.) 314. See, also, 3 N. J. Law J. 153; 1 Bishop on Criminal Procedure, section 877.

Section 337d, Code Supp. 1907, directs that the board of supervisors shall separately certify the lists for grand and petit juries and for talesmen. This was not done. The lists were returned to the auditor, and, after being recorded by him, all lists were certi-

**2. GRAND JURIES: selection: nonprejudicial irregularities.** fied on the record thus made. This was a substantial compliance with the statute and was sufficient. *State v. Ryan*, 70 Iowa, 155; *State v. Edgerton*, 100 Iowa, 63; *State v. Pell, supra*. An irregularity in drawing the grand jury will not invalidate an indictment, unless it appears or may reasonably be inferred from the circumstances that some prejudice has resulted from such irregularity. *State v. Brant*, 41 Iowa, 593; *State v. Carney*, 20 Iowa, 82; *Shaw v. Orr*, 30 Iowa, 355.

Certain instruments in writing were put in evidence by the State, and the appellants complain because they were not permitted to take them from the courthouse and from the custody of the clerk or county

**3. TRIAL: examination of exhibits by defendant.** attorney for the purpose of examination. They were offered every opportunity for a full examination of such instruments, and did in fact examine them and cross-examine upon them, and, if they wished to have experts examine them as to handwriting, no obstacle was placed in the way of so doing, except that they were denied permission to take them away with them. We see no ground for serious complaint in the ruling. All that the defendants could ask was that they be given fair opportunity for examination at some place. They had no right to designate such place, or to remove the exhibits from the custody of the court.

The indictment charged that the defendants and others conspired together for the purpose of unlawfully se-

curing the signature of E. L. Stevenson and Lulu Steven-
son to a deed. Lulu Stevenson is the wife
of E. L. Stevenson, and she was the owner
of the property involved in this transaction.
She testified as a witness for the State, and upon her
cross-examination counsel for appellants sought to show
that she had theretofore brought a suit to recover her
property and a suit for damages. Objections to the ques-
tions were sustained, and appellants complain of the rul-
ing. Answers to the questions might have had some bear-
ing on the interest of the witness in the prosecution, and
they were in our judgment competent and material; but
her interest in the prosecution was then as apparent as
it could have been had the questions referred to been an-
swered, and there was no prejudice in the ruling.

*4. Exclusion of evidence: prejudice.*

In the absence of one of the State's expert witnesses,
the appellants admitted that he would, if present, give cer-
tain testimony. Thereafter they asked an instruction di-
recting the jury to disregard such testimony
because the State had not complied with an
alleged agreement under which the appel-
lants admitted that the witness would so testify. The
request was properly refused for the sufficient reason,
among others, that the alleged agreement was not proven.

*5. Exclusion of conceded evidence*

The appellants attempted to prove a conversation that
Carter had with some unknown man relative to Kirksville,
Mo., property and the details of Carter's statements to
one of the witnesses. These witnesses were
allowed to testify that there were conver-
sations about Kirksville property, and that matter was alone
material. There was no error in rejecting the balance
of the conversation.

*6. Evidence: conversations.*

We find no error for which there should be a re-
versal of the judgment. It is therefore *affirmed.*